**LEILA W. MORGAN**
California State Bar No. 232874
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: leila_morgan@fd.org

Attorneys for Ms. Salazar-Sandoval

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08cr0285-H |
| ) | |
| Plaintiff, ) | DATE: April 7, 2008 |
| ) | TIME:  9:00 A.M. |
| v. ) | |
| ) | |
| ) | **MEMORANDUM OF POINTS AND** |
| ESMERALDA SALAZAR-SANDOVAL, ) | **AUTHORITIES IN SUPPORT OF** |
| ) | **DEFENDANT'S MOTIONS** |
| ) | |
| Defendant. ) | |
| ) | |

I.

**STATEMENT OF FACTS**

Ms. Salazar-Sandoval is charged with the importation of marijuana and possession of marijuana with the intent to distribute. Ms. Salazar-Sandoval is a Mexican citizen who resides in Mexicali, Baja California with her mother and common law husband. Neither Ms. Salazar-Sandoval's mother, Maria Delores Sandoval-Perales, nor her common law husband, Reynoldo Medina, possess documents allowing them to enter the United States. Ms. Sandoval-Perales and Mr. Medina would provide testimony that is material to Ms. Salazar-Sandoval's defense[1].

---

[1] Ms. Salazar-Sandoval is more than happy to provide an ex parte under seal proffer as to the details of the testimony that Ms. Sandoval-Perales and Mr. Medina would testify. However, in order to preserve her right to not to reveal defense strategy, confidential work product, and her right not to inform the government of potential defense witness testimony she will not detail their testimony hear.

Ms. Sandoval-Perales suffers from a severe heart condition that precludes her from being able to travel. Ms. Sandoval-Perales is currently taking multiple medications that are related to her cardiac condition, as well as other medical problems. Ms. Sandoval-Perales resides in Mexico, beyond this Court's subpoena power and will not agree to travel to the United States because of her health condition.

Mr. Medina, likewise lives in Mexico, outside of the subpoena power of this Court and is unwilling to travel to the United States.

## II.

### REQUEST OF AUTHORIZATION FOR FOREIGN DEPOSITIONS

**A.   Relevant Law**

> Federal Rule of Criminal Procedure 15(a) provides, in relevant part: A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interests of justice.

In *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), the court noted that "[o]rdinarily, exceptional circumstances exist when the prospective witness is unavailable for trial and the absence of the testimony would result in an injustice. This court has held that it is unjust to deprive a defendant of what may be crucial exculpatory evidence." *Id*. *see also United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) (same). "The principal consideration guiding whether the absence of a particular witness's testimony would produce an injustice is the materiality of that testimony to the case." *Id*. at 1552.

It is important to note that in deciding whether to grant such a request, the issue is not whether the witness will be unavailable for trial: the Rule "does not require any conclusive showing of 'unavailability' before a deposition can be taken in a criminal case." *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985). "It would be unreasonable and undesirable to require [a party] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." *Id*. "Whenever a prospective witness is unlikely to appear at trial and his or her testimony -- by deposing the witness -- absent significant countervailing circumstances which would render the taking of the deposition unjust." *Dougal*, 1 F.3d at 1552; *see also id*. at 1552 (stating that ordering of deposition is appropriate "whenever a substantial likelihood exists that the proposed deponent will not testify at trial"). According, in *Drougal* the court found foreign depositions appropriate for foreign nationals -- even those

1 who indicated they would be wiling to come to the United States and testify at trial -- because they were
2 beyond the subpoena power of the district court. *Id*. at 1553-57; *see also United States v. Medjuck*, 156 F.3d
3 916, 920 (9th Cir. 1998) (holding depositions appropriate for "Canadian witnesses [who] were unavailable
4 for trial because they were beyond the subpoena power of the United States and refused to voluntarily
5 attend"). Similarly, the Court in *Sanchez-Lima* held that depositions should have been ordered because
6 defense witnesses in Mexico were beyond the subpoena power of the district court. 161 F.3d at 547-48.

**B.     Ms. Salazar-Sandoval Requests Authorization To Conduct a Foreign Depositions**

The testimony of Ms. Sandoval and Mr. Medina is critical to Ms. Salazar-Sandoval's defense. Rule 15, due process, and her right to present a defense compel granting this authorization.

**V.**

**CONCLUSION**

For the reasons stated above, Ms. Salazar-Sandoval moves this Court to grant his motions.

Respectfully submitted,

Dated: March 28, 2008

   /s/ Leila W. Morgan
**LEILA W. MORGAN**
Attorney for Ms. Salazar-Sandoval
leila_morgan@fd.org