KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08cr0285-H |
|---|---|
| Plaintiff, | ) Date:    April 7, 2008<br>) Time:    9:00 a.m. |
| v. | ) Honorable: Marilyn L. Huff |
| ESMERALDA SALAZAR-SANDOVAL, | ) **UNITED STATES' RESPONSE AND**<br>) **OPPOSITION TO DEFENDANT'S MOTIONS** |
| Defendant. | ) **IN LIMINE TO:**<br>) (1) EXCLUDE EXPERT TESTIMONY ON THE STREET VALUE OF MARIJUANA;<br>) (2) EXCLUDE EXPERT TESTIMONY ABOUT STRUCTURE OF DRUG ORGANIZATIONS;<br>) (3) EXCLUDE EVIDENCE OF DEFENDANT'S NERVOUSNESS;<br>) (4) EXCLUDE BAGS OF MARIJUANA FROM COURTROOM;<br>) (5) PREVENT A COPY OF THE INDICTMENT FROM BEING SUBMITTED DURING DELIBERATIONS;<br>) (6) EXCLUDE ANY 404(B) OR 609 EVIDENCE AS IMPROPER NOTICE HAS BEEN GIVEN;<br>) (7) EXCLUDE MUG SHOT PHOTOS;<br>) (8) EXCLUDE POVERTY EVIDENCE;<br>) (9) PROHIBIT VOUCHING BY PROSECUTION;<br>) (10) ALLOW ATTORNEY CONDUCT *VOIR DIRE*;<br>) (11) ORDER PRODUCTION OF TECS. |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebecca S. Kanter, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions *in Limine*. This response is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

# I

# STATEMENT OF THE CASE AND STATEMENT OF FACTS

The United States hereby incorporates by reference the statement of the case and statement of facts set forth in its motions *in limine* filed March 28, 2008.

# II

# DEFENDANT'S MOTIONS IN LIMINE

## A. THE COURT SHOULD ADMIT THE VALUE OF THE MARIJUANA

Expert testimony about the wholesale value in Mexico and the value in the United States of the marijuana seized from Defendant's vehicle is admissible to show knowledge and intent. The Ninth Circuit permits the use of such expert testimony as to both the wholesale and street value of narcotics.

### 1. Rule 704

Defendant's argument that expert testimony regarding the value of the marijuana violates Rule 704 is based upon a misunderstanding of the scope of the proposed expert's testimony. The expert will not opine or draw an inference as to Defendant's knowledge, willfulness or other mental state. Rather, the expert will simply state an opinion as to a predicate matter: the value of the drugs in Mexico and the value of the drugs in the United States. Defendant's argument that such testimony falls within the constraints of Rule 704 because the jury *may* draw inferences as to Defendant's mental state from the testimony is directly contradicted by his own citation to United States v. Morales, 108 F.3d 1031 (9th Cir. 1997), where the court explicitly held that Rule 704 does *not* go so far as to "exclude an expert's opinion on any matter from which the factfinder might infer a defendant's mental state." Id. at 1037.[1]

In Morales, the district court excluded proposed defense expert testimony that the defendant had a weak grasp of bookkeeping principles in a criminal case charging the defendant with making false bookkeeping entries. The Ninth Circuit found that exclusion of the testimony under Rule 704 was an abuse of discretion because even if the jury believed the expert's testimony, the jury could still find that the defendant had willfully made false entries. Id. at 1037. Here, as in Morales, even if the jury believes the expert's testimony regarding the value of the drugs, the jury will still have to draw its *own* inferences

---

[1] Likewise in United States v. Webb, 115 F.3d 711 (9th Cir. 1997), another case cited by Defendant, the court held that expert testimony as to the "typical way people conceal weapons in cars and the typical reasons for their concealment" did *not* violate Rule 704.

from the value testimony to answer the ultimate factual question of whether Defendant knew that drugs were concealed in his vehicle. Accordingly, the proposed expert's testimony does not fall within the restrictions of Rule 704 and should be admitted.

### 2. **Rule 403**

Defendant argues, with no supporting case law, that testimony about the wholesale and street value of the marijuana in this case should be excluded. The Ninth Circuit, however, has repeatedly held that admission of drug value testimony is proper and that counsel can argue reasonable inferences from the evidence. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) (street value of heroin not unfairly prejudicial); see also United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (price, quantity and quality of narcotics is relevant to demonstrate defendant's knowledge of the drugs and intent to distribute them); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir. 1977) (street value of narcotics relevant to demonstrate defendant's knowledge).

Defendant also argues that such testimony is irrelevant and inadmissible because she is willing to stipulate that 46 kilograms of marijuana is a distributable amount. Defendant's argument ignores that the quantity and value of the narcotics seized is *also* circumstantial evidence of Defendant's knowledge and intent regarding the narcotics in his vehicle. Knowledge and intent are essential elements of the offenses charged. The value testimony will tend to show that Defendant knew he possessed the illegal drugs and intended to further distribute them. Thus, the Court should admit the testimony.

**B.    BLIND MULE TESTIMONY IS ADMISSIBLE IF DEFENDANT OPENS THE DOOR**

The United States incorporates by reference and urges the Court to adopt the points and authorities filed within the Government's motion *in limine* at pages 7-10. As stated therein, the Government does not intend to introduce evidence regarding the *modus operandi* of drug couriers or "blind mule" testimony in its case-in-chief. If Defendant opens the door to such evidence during opening statement, cross-examination, or Defendant's case-in-chief, however, the United States should be allowed to introduce expert testimony in rebuttal.

**C.    THE COURT SHOULD ADMIT DEMEANOR EVIDENCE**

The customs inspectors in this case made observations during the course of their interactions with Defendant about her behavior and demeanor. This evidence should be admitted because it is

1  relevant and not overly prejudicial.

2  **1.    <u>Demeanor Evidence Is Admissible as Circumstantial Evidence of Knowledge</u>**

3  Evidence regarding Defendant's demeanor and physical appearance is admissible as
4  circumstantial evidence helpful to the jury's determination of whether the defendant knew drugs were
5  concealed in the car. *See* Fed. R. Evid. 701 (stating in part that a non-expert witness may testify "in the
6  form of opinions or inferences . . . which are (a) rationally based on the perception of the witness and
7  (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue");
8  <u>United States v. Romero-Avila</u>, 210 F.3d 1017, 1023 (9th Cir. 2000) (identifying defendant's
9  nervousness at the border as part of the "strong independent evidence of defendant's guilt"); <u>United
10 States v. Hursh</u>, 217 F3d. 761, 767-68 (9th Cir. 2000) (nervousness during border questioning at primary
11 inspection and later nervousness while car was being inspected at secondary was additional evidence
12 of knowledge); <u>United States v. Fuentes-Cariaga</u>, 209 F.3d 1140, 1144 (9th Cir. 2000) (it is within the
13 ordinary province of jurors to draw inferences from an undisputed fact such as a defendant's
14 nervousness at Calexico Port of Entry); <u>United States v. Klimavicius-Viloria</u>, 144 F. 3d 1249, 1265-66
15 (9th Cir. 1998) (the crew's demeanor, such as becoming less cooperative when the Coast Guard decided
16 to search a tank where bales of cocaine were later found, was relevant to show knowing participation);
17 <u>United States v. Lui</u>, 941 F.2d 844, 848, 848 n.2 (9th Cir. 1991) (defendant's actions both before and
18 after discovery of drugs, such as acting disinterested and not helping in the search, and, when the
19 inspector found the drugs, stepping away without attempting to see to what the inspector was referring,
20 supported a finding that the defendant was guilty); <u>United States v. Barbosa</u>, 906 F.2d 1366, 1368 (9th
21 Cir. 1990) (defendant's apparent nervousness and anxiety during inspection was valid circumstantial
22 evidence of knowledge of concealed narcotics).

23 Courts of this Circuit have clearly held that signs of nervousness constitute appropriate
24 circumstantial evidence that a defendant knows there is contraband in his or her vehicle or possessions.
25 Defendant's citations are inapposite. Most of the cases cited are in the context of suppression hearings
26 where the question was whether the officers in question had reasonable suspicion or probable cause.
27 Moreover, none of the cases that Defendant cites dismiss nervousness as entirely irrelevant. *See* <u>United
28 States v. Chavez-Valenzuela</u>, 268 F3d. 719, 725 (9th Cir. 2001) (holding that nervousness alone was

insufficient to establish criminal activity, but could be one of several factors); United States v. Fuentes-Caraiga, 209 F.3d 1140, 1142 (9th Cir. 2000) (recognizing that evidence of nervousness can suggest fear of getting caught with contraband the person knows he is carrying).

Defendant apparently argues that because nervousness is not conclusive evidence of knowledge, it should not be admitted. It is sufficient that nervousness can be properly used as relevant circumstantial evidence of knowledge, as the Ninth Circuit has repeatedly held. *See* Fed. R. Evid. 401 (defining evidence as evidence "having any tendency to make the existence of any fact . . . more probable or less probable").

Furthermore, that the testimony of nervousness will come from law enforcement officers does not amount to prejudice that "substantially outweigh[s]" the probative value. *See* Fed. R. Evid. 403. Defendant takes the position that this evidence is prejudicial because jurors give undue weight to law enforcement witnesses. Under this view, no law enforcement officers would ever be able to testify about anything, since their identity would make all their testimony prejudicial. This is certainly not the case. Defendant's motion should be denied.

**2.     Nervousness Testimony Does Not Violate Rules 701 and 704(b)**

A lay witness may state his opinion that a person appeared nervous. *See* United States v. Mastberg, 503 F.2d 465, 470 (9th Cir. 1974). Rule 701 allows a lay witness to testify to opinions or inferences (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on specialized knowledge. Here, the officers will testify as to their observations of Defendant that led them to conclude that he was nervous. Because the agents as lay witnesses may state their opinions that Defendant appeared nervous, and because their opinions are based on their observations and interactions with Defendant, this testimony is proper.

**D.     THE NARCOTICS SHOULD NOT BE EXCLUDED**

Defendant next argues that the packages of marijuana seized from Defendant's vehicle should be excluded from the courtroom. Defendant relies primarily upon Rule 403 to support this contention. Rule 403 is a rule that favors the admission of relevant evidence. Rule 403 only excludes evidence if the probative value of the evidence is "substantially outweighed" by a danger of "unfair prejudice."

Rule 403 does not bar the admission of evidence simply because it is prejudicial to Defendant. Only "unfairly prejudicial"evidence may be excluded under Rule 403.

This case is about the importation of marijuana. The Defendant moves to exclude the evidence at the center of the case – the sole reason for this prosecution. To meet its burden, the Government must prove the existence of, type, and quantity of narcotic charged in the Indictment. The best evidence of that is the narcotics themselves. This is particularly true where one of the witnesses – the chemist who tested the substance – will be asked to identify the evidence he tested. In order to prove to the jury that the packages tested by the chemist were in fact the same packages found in Defendant's car, it is necessary for the witnesses to be given the opportunity to identify the exhibit in the courtroom. Accordingly, this evidence is highly relevant and Defendant has made no showing, aside from conclusory assertions, that this evidence is unfairly prejudicial to Defendant. Defendant's motion to exclude the marijuana from the courtroom should be denied.

**E.      SUBMITTING A COPY OF THE INDICTMENT DURING JURY DELIBERATIONS**

The United States defers to the judgment of the Court regarding whether to submit a copy of the indictment during jury deliberations.

**F.      EXCLUDE 404(B) AND 609 EVIDENCE**

At this time, the Government is not aware of any evidence that would be subject to the requirements of Rules 609. As articulated in the United States's Motions *In Limine* at pages 10-11, the Government does not consider TECS evidence to fall under the umbrella of Rule 404(b). Nonetheless, out of an abundance of caution and in the event the Court disagrees, the United States did in fact provided notice of the TECs evidence on March 21, 2008, to Defendant.

**G.      EXCLUDE MUG SHOT PHOTOGRAPH**

The United States defers to the judgment of the Court regarding whether a mug shot photograph can be admitted at trial. At this time, the United States has no intention of offering such a photograph in its case-in-chief. The United States reserves the right to introduce such evidence in its rebuttal case, particularly if Defendant puts her identity in issue.

//

//

1  **H.     MOTION TO EXCLUDE POVERTY EVIDENCE**

2  Defendant makes the blanket argument that any and all evidence related to Defendant's
3  financial circumstances is inadmissible for any purpose. Defendant's single citation to United States
4  v. Romero-Avila, 210 F.3d 1017 (9th Cir. 2000) does not go nearly that far. Id. at 1022 (holding that
5  "evidence of poverty or poor financial condition is inadmissible to prove motive where it is offered to
6  show the mere fact that the defendant is poor.") The Government does not intend to use evidence of
7  Defendant's "poverty" or financial situation in its case-in-chief to prove motive or to establish the mere
8  fact that Defendant is poor. The Government does reserve the right, however, to introduce evidence
9  related to Defendant's finances or employment as impeachment or rebuttal evidence should it become
10 relevant during Defendant's case.

11 **I.     MOTION TO PROHIBIT VOUCHING BY PROSECUTION**

12 The United States is aware of the prohibitions on vouching and does not intend to engage in
13 impermissible vouching at any stage of the proceeding.

14 **J.     MOTION TO ALLOW ATTORNEY-CONDUCTED *VOIR DIRE***

15 The United States has no objection to attorney conducted *voir dire* as long as the attorney for
16 the United States is afforded an equal opportunity to conduct *voir dire*.

17 **K.     TECS RECORDS NEED NOT BE PRODUCED**

18 The Government at this time does not intend to use TECS evidence as part of its case-in-chief,
19 but reserves the right to impeach Defendant under Rule 607 with TECS evidence should it become
20 relevant during Defendant's case. TECS reports are not subject to Rule 16(c) because the reports are
21 neither material to the preparation of the defense, nor intended for use by the Government as evidence
22 during its case-in-chief. The mere fact that the Defendant may be able to craft a more consistent story
23 if he has access to the TECS evidence does not make the records relevant or material.

24         **1.     Evidence in the Government's Case-in-Chief**

25 Evidence that the Government intends to use for impeachment or rebuttal is not considered
26 evidence for use in the Government's case-in-chief. *See* United States v. Givens, 767 F.2d 574, 582-583
27 (9th Cir. 1985); United States v. Delia, 944 F.2d 1010, 1017-18 (2d Cir. 1991) (holding that Government
28 is not required under any prong of Rule 16 to disclose rebuttal evidence which it intends to use against

1  a proposed line of defense); United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (holding that
2  trial court order requiring Government to disclose "any and all impeachment evidence . . . which tends
3  to negate guilt" including rebuttal evidence exceeded scope of court's authority under Rule 16).

4      In Givens, the defendant asserted that he owned only a single pair of sneakers and that the
5  sneakers did not match the shoe print left by the perpetrator at the scene of the crime. Id. at 582-84.
6  The government introduced testimony that the defendant actually owned more than a single pair of
7  sneakers, effectively rebutting the defendant's contention. Id. The court held that the evidence was not
8  discoverable by the defendant as part of the Government's case-in-chief because it was used to rebut
9  the defendant's defense and not to advance the Government's affirmative case. Id.

10  **2.   Evidence Material to the Defense**

11      Rule 16 also permits discovery that is "relevant to the development of a possible defense."
12  United States v. Clegg, 740 F.2d 16, 18 (9th Cir. 1984). To obtain discovery under Rule 16, a defendant
13  must make a prima facie showing of materiality. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.
14  1990). A defendant must make a specific request for an item and articulate how it is helpful to the
15  defense. *See* United States v. Olano, 62 F.3d 1180, 1203 (9th Cir. 1995). "Neither a general description
16  of the information sought nor conclusory allegations of materiality suffice; a defendant must present
17  facts which would tend to show that the Government is in possession of information helpful to the
18  defense." Mandel, 914 F.2d at 1219.

19      In this case there has been no showing of materiality. Defendant simply argues that the TECS
20  records are material to his defense because the records *may* corroborate her yet-to-be-articulated
21  "account of the events." Her failure to articulate how the TECS records are material suggests that she
22  is seeking discovery of the TECS records not to legitimately develop her defense, but rather to tailor her
23  defense theory and potential testimony to the records to avoid potential impeachment. Thus, the records
24  are not discoverable. *See* Delia, 944 F.2d at 1018 ( "We know of no legal principle that requires the
25  prosecution to disclose its proposed rebuttal evidence to the defendant, to help him decide whether to
26  pursue a particular contention.")

27      The Government is well aware of its obligations under Brady. The Government has carefully
28  reviewed and analyzed the TECS records and nothing in the records is exculpatory or material to the

preparation of a defense. Accordingly, the TECS records are not subject to discovery.

## III

## GOVERNMENT'S RENEWED MOTION FOR RECIPROCAL DISCOVERY

To date, the Defendant has produced no reciprocal discovery. The Government requests that the Defendant comply with Rules 12.2 and 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of the Defendant. The Defendant has not provided the Government with any documents, photographs, or statements. Accordingly, the Government intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the Government.

## IV

## CONCLUSION

For the above stated reasons, the Government respectfully requests that Defendant's Motions <u>in Limine</u> be denied except where unopposed.

DATED: April 2, 2008.        Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Rebecca S. Kanter
REBECCA S. KANTER
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 08CR0285-H |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| ESMERALDA SALAZAR-SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Leila Morgan, Federal Defenders
    2.    Reuben Cahn, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    1.    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2008.

                                 s/ Rebecca Kanter
                                 REBECCA S. KANTER