1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S.  KANTER
   Assistant United States Attorney
3  California Bar Number 230257
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6747
   Facsimile: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,            )        Criminal Case No.  08CR0285-H
                                         )
12                                       )        **UNITED STATES' RESPONSE IN TO**
                                         )        **DEFENDANT'S MOTION TO**
13                                       )        **AUTHORIZE A FOREIGN DEPOSITION**
                         Plaintiff,      )
14                                       )        Date:        April 6, 2008
                  v.                     )        Time:        9:00 a.m.
15                                       )        Honorable:   Marilyn L.  Huff
                                         )
16                                       )
    ESMERALDA SALAZAR-SANDOVAL,          )
17                                       )
                                         )
18                                       )
19                       Defendant.      )
                                         )
20                                       )
                                         )
21  ──────────────────────────────────

22          Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

23  Attorney, and Rebecca S.  Kanter, Assistant United States Attorney, hereby files its Response to

24  Defendant's motion to authorize a foreign deposition.  This response is based upon the files and records

    of the case together with the attached statement of facts and memorandum of points and authorities.
25  //

26  //

27  //

28

I.

**STATEMENT OF FACTS**

The United States incorporates by reference the statement of facts section in its motions *in limine*, filed on March 28, 2008.

II.

**ARGUMENT**

Defendant, Esmeralda Salazar-Sandoval, moves this Court to grant a motion to conduct a foreign deposition, pursuant to Federal Rules of Criminal Procedure 15(a). Defendant has the burden of showing "exceptional circumstances" and that granting the foreign deposition is "in the interest of justice." Fed.R.Crim.P. 15(a)(1). At this point, Defendant has failed to satisfy the requirements for detailing the manner in which the depositions can be taken under Federal Rule of Civil Procedure 28(b) and has not established the exceptional circumstances required to order a foreign deposition.

A.    **DEFENDANT HAS FAILED TO SHOW THAT THE DEPOSITIONS CAN BE TAKEN CONSISTENT WITH THE PROCEDURAL RULES**

Federal Rule of Criminal Procedure 15(e) provides that depositions in criminal cases "must be taken . . . in the same manner" provided for in civil actions. Federal Rule of Civil Procedure 28(b) provides, in turn, that depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request, or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony. *See* United States v. Ruiz-Castro, 92 F.3d 1519, 1532-33 (10th Cir. 1996).

Here, Defendant's proposal to conduct depositions has failed to satisfy any of these requirements. Defendant does not reference any treaties nor does she state that her mother or common-law husband would testify before a person authorized to administer oaths as described in Rule 28(b). *See* id. at 1533. Because Defendant has not shown how the depositions could be taken consistent with the procedural rules, her motion should be denied.

08CR0285-H

**B.   DEFENDANT HAS FAILED TO SHOW "EXCEPTIONAL CIRCUMSTANCES" JUSTIFYING FOREIGN DEPOSITIONS**

Defendant has the burden of showing "exceptional circumstances" and that granting the foreign deposition is "in the interest of justice."   Fed.R.Crim.P. 15(a).   Depositions in criminal cases, and particularly foreign depositions, are disfavored for several reasons:   the witness is not subject to sanctions for perjury; the jury, defendant, or cross-examiner may be unable to confront the witness and view his or her demeanor; and the gravity of the proceedings is not impressed upon the witness.   United States v. Drogoul, 1 F.3d 1546, 1551-52 (11th Cir. 1993); United States v. Alvarez, 837 F.2d 1024, 1029 (11th Cir. 1988).   Furthermore, "because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored." Drogoul, 1 F.3d at 1551.   Accordingly, district courts have been granted "broad discretion" in determining whether the particular circumstances of a case present the "exceptional circumstances" required by Rule 15(a). United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998).

In determining whether the particular circumstances of the case present the "exceptional circumstances" required by Rule 15(a), the district court must consider the following factors: (1) whether the witness is actually unavailable, United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir. 1995); (2) whether good faith efforts have been made to obtain the witnesses' presence at trial, id.; (3) whether the deponent would be available at the proposed location for deposition and would be willing to testify, id.; (4) whether the movant has demonstrated that the expected testimony would be favorable (*i.e.*, would help to exculpate the defendant), id.; *see also*, United States v. Murray, 492 F.2d 178, 195 (9th Cir.1973); (5) whether the proposed evidence to be gathered in the deposition is relevant, non-cumulative and admissible under the rules of evidence, United States v. Hernandez-Escarsega, 886 F.2d 1560, 1569 (9th Cir. 1989); (6) whether the deponent is a fugitive, id.; People of the Territory of Guam v. Ngirangas, 806 F.2d 895, 896-97 (9th Cir. 1986) (holding fugitive status is a factor to consider but cannot by itself be the only reason for denying a deposition); (7) whether the safety of United States officials would be compromised if the deposition were taken in a foreign country, Murray, 492 F.2d at 194-95; and (8) whether the motion was filed timely. United States v. Dearden, 546 F.2d 622, 625 and n. 2 (5th Cir. 1977).   These factors will be addressed below.

08CR0285-H

1       1.     <u>Defendant Has Not Shown That Either Witness Is Unavailable</u>

2       Defendant has not even come close to meeting the first factor, whether the witness is actually

3 unavailable, as to either witness. As to Defendant's mother, Maria Delores Sandoval-Perales,

4 Defendant's motion indicates that she suffers from a "severe heart condition that precludes her from

5 being able to travel." Def. Mtn. at 2. Defendant further states that Sandoval-Perales is taking

6 "multiple medications that are related to her cardiac condition, as well as other medical problems." Id.

7 Defendant, however, provides nothing to support these assertions. Defendant provides no affidavit

8 from either Defendant or Sandoval-Perales concerning her condition. Defendant provides no

9 documentation from a doctor concerning her mother's condition, nor any documentation supporting

10 the assertion that Defendant's mother is taking medications related to her cardiac condition.

11       As to Defendant's common-law husband, Reynaldo Medina, Defendant provides even less

12 support for her statement that he is unavailable, merely asserting that he "unwilling to travel to the

13 United States." <u>Id.</u> Medina traveled to the United States on February 5, 2008, to retrieve Defendant's

14 personal property, including her purse. Medina is clearly capable of traveling to the Port of Entry;

15 Defendant has made no showing that he is unable to travel further north from the border to come to San

16 Diego to testify on his wife's behalf.

17       In <u>United States v. Drogoul</u>, a case relied upon by Defendant in support of her Rule 15 motion,

18 the district court determined that the Rule 15 movant[1] had not established unavailability, noting that

19 the movant had "failed to procure the affidavits of any of the witnesses themselves indicating that they

20 are unwilling to travel to the United States for [defendant's] trial." 1 F.3d at 1550. In addressing this

21 issue on appeal, the Eleventh Circuit stated that "[t]he moving party may demonstrate the probable

22 unavailability of a prospective deponent 'through affidavits or otherwise.'" <u>Id.</u> at 1553 (citation

23 omitted). The Court found that the unavailability of an Italian national had been established where the

24 United States "proffered a letter from an Italian judicial officer (the authenticity of which [defendant]

25 has not challenged) certifying that the seven witnesses have declared in open court their unwillingness

26

27

---

28       [1]    In <u>Drogoul</u>, the United States was the moving party.

       08CR0285-H

1    to testify in the United States." Id.  Moreover, that Court stated that "[t]his evidence is potent proof

2    of unavailability for purposes of Rule 15(a)." Id.

3    In contrast to the offer of proof provided in Drogoul regarding the unavailability of witnesses,

4    Defendant has provided no proof that either witness is unavailable.  Defendant must provide either

5    affidavits signed under penalty of perjury by Defendant's proposed witnesses regarding their inability

6    and/or unwillingness to travel, or some other comparable form of proof.  See Drogoul, 1 F.3d at 1553

7    ("[t]he moving party may demonstrate the probable unavailability of a prospective deponent 'through

8    affidavits or otherwise.'"); see also Alvarez, 837 F.2d at 1029 (moving party must demonstrate

9    "thorugh affidavits or otherwise" that exceptional circumstances exist.)  Anything less than this falls

10   short of what is required by the moving party. See id.; see also, United States v. Ruiz-Castro, 92 F.3d

11   1519, 1533 (10th Cir. 1996), overruled on other grounds by United States v. Flowers, 464 F.3d 1127,

12   1130 (10th Cir. 2006) (affirming denial of motion to conduct foreign deposition of Defendant's father

13   where Defendant "offered no proof that his father was unable to travel to the United States other than

14   Defendant's statement that his father was an invalid too ill to travel."); United States v.

15   Milian-Rodriguez, 828 F.2d 679, 686 (11th Cir. 1987) (affirming district court's refusal to order Rule

16   15 depositions where, inter alia, "appellant's motions did not include any supporting affidavits, except

17   the unsigned, unsworn affidavit of" the deponent).  There has been an insufficient showing by

18   Defendant that either witness is unavailable for trial.  Therefore, Defendant's motions should be denied.

19        2.    Defendant Has Failed to Show A Good Faith Effort to Obtain the Witnesses' Presence
20              at Trial

21   For the second prong, there is no evidence in the record detailing any attempt by Defendant to

22   secure the witnesses at trial.  In particular, Defendant's common-law husband, Reynaldo Medina, has

23   apparently expressed his unwillingness to travel to the United States.  However, not only has Defendant

24   failed to demonstrate to this Court that Medina is unwilling to travel to the United States and therefore

25   unavailable (see supra at II.B.1), Defendant has failed to demonstrate any good faith effort on her part

26   to persuade him to do so.

27   Defendant explicitly advised this Court at the motions hearing on March 17, 2008, that witness

28   would need to be paroled into the United States for purposes of testifying at trial.  The Court advised

Defendant to prepare letters requesting that the witnesses be paroled in, and the United States indicated its willingness to cooperate in this effort. Defendant never provided the United States with the names of the witness and other information necessary for the United States to make any arrangements to parole the witnesses into the United States, despite repeated attempts by the United States to solicit such information from Defendant in order to begin the process. Defendant has not made a good faith effort to obtain the witnesses' presence at the trial through the traditional means, and instead is prematurely requesting the "disfavored" alternative of conducting a foreign deposition.

3. <u>Defendant Has Failed to Show That Either Deponent Would Be Available At the Proposed Location for Deposition and Would Be Willing To Testify</u>

For the third prong, Defendant has made no representation let alone offered any proof regarding whether either prospective deponent would be available for deposition and willing to testify. Defendant notes that her common-law husband, Reynaldo Medina, is "unwilling to travel to the United States." If Medina is unwilling to travel across the border from Mexicali to San Diego to testify on his wife's behalf, it seems unlikely that he would be willing to assist on his wife's behalf at all by making himself available as a deponent.

4. <u>Defendant Has Not Shown That the Testimony Would Be Favorable To Defendant</u>

For the fourth prong, Defendant has not made any showing as to what the testimony of each witness would be, let alone that it would be favorable. Although Defendant has offered to provide an *ex parte* proffer under seal regarding the details of the testimony, it is the Government's belief that at this time, Defendant has not yet made any such showing.

Defendant was apprehended at the Calexico Port of Entry with over 100 pounds of marijuana in a vehicle registered in her name for over five months. Defendant's defense will presumably be that she did not know there was marijuana in her vehicle. Defendant has failed to show what her mother or her common-law-husband would say that would support an inference that Defendant did not know about the marijuana in her vehicle. She has therefore failed to show that their testimony would be favorable to her. This inference is particularly reasonable in light of Defendant's assertion that her common-law husband is "unwilling" to come to the United States to testify on her behalf.

//

6

1

2

5.    Defendant Has Failed To Show That the Proposed Evidence To Be Gathered In the Depositions is Relevant, Non-cumulative and Admissible Under the Rules of Evidence

3

Because Defendant has not made any proffer regarding what each witnesses would testify about,

4

it is impossible for this Court to make a determination that the proposed evidence to be gathered in the

5

depositions is relevant, non-cumulative and admissible.

6

6.    Defendant Has Not Shown Whether Either Witness Is a Fugitive

7

To the Government's knowledge, neither witness is a fugitive from the United States.  Although

8

paroling in witnesses can be problematic where the witness is a fugitive and therefore likely to be taken

9

into custody if he or she enters the United States, here there is no suggestion that this would be a

10

concern with respect to either Reynaldo Medina or Maria Delores Sandoval-Perales.  *Compare* United

11

States v.  Hernandez-Escarsega, 886 F.2d 1560, 1569 (9th Cir.  1989) (considering as one factor the

12

fugitive status of a deponent in Mexico who had an outstanding federal indictment in the United States

13

and refused to come to the United States to testify.)

14

7.    Taking the Deposition In Mexico Could Compromise the Safety of United States Officials

15

Members of United States law enforcement agencies are often at risk by traveling to remote

16

locations in Mexico.  There has been many recent and well-documented reports of increasing violence

17

in many border communities in particular, including Mexicali. *See, e.g.*, S.  Lynne Walker, *Acapulco's*

18

*Loss of Innocence*, SAN DIEGO UNION TRIBUNE, February 15, 2006, http://www.signonsandiego.com/

19

uniontrib/20060215/news_1n15acapulco.html (noting that Mexicali is one of the Top Four most crime-

20

ridden cities in Mexico.)

21

8.    Defendant's Motion Was Not Timely Filed

22

Finally, Defendant did not file a motion to take the depositions of the two witnesses in Mexico

23

before the first motion hearing date.  Significantly, Defendant specifically indicated to this Court at the

24

motions hearing on March 17, 2008, that she intended to ask the Government to parole into the United

25

States two critical defense witnesses.  Defendant continued to make the assertion that it would be

26

necessary to parole witnesses into the United States until March 31, 2008, the day Defendant filed the

27

current motion to take foreign depositions, just ten calendar days before the beginning of trial.  The

28

timeliness of such a motion is critical in light of the significant logistical challenges to taking foreign

1    depositions.  For example, the Government must make arrangements to hire a translator, a court-

2    reporter and a videographer to travel to Mexico on the same day for the depositions.  The funding for

3    all these expenditures requires special authorization, which also takes time to process.  Moreover, the

4    Government officials traveling to Mexico for the deposition, including the Assistant United States

5    Attorney, must receive special authorization to travel to a foreign country to conduct business.  This

6    process takes time; the motion should have been filed sometime in the last several months, not ten days

7    before trial.  Therefore, the motion is not timely and should be denied.  *See* <u>Zuno-Arce</u>, 44 F.3d at 1424

8    (motion to depose witnesses denied where motion was made only three weeks before trial); *see also*

9    <u>Ruiz-Castro</u>, 92 F.3d at 1533 (motion to depose witnesses denied where motion was made five weeks

10   before trial); *see also* <u>Milian-Rodriguez</u>, 828 F.2d at 686 (motion to depose witnesses denied where

11   it was "filed in the late stages of the pretrial proceedings"); *see also* <u>Heflin v.  United States</u>, 223 F.2d

12   371 (5 th Cir.  1955) (holding that a Rule 15 motion mate five days before trial was properly denied

13   for inexcusable delay); *compare* <u>Drogoul</u>, 1 F.3d at 1556 (finding that the district court erred in finding

14   that the movant failed to exercise due diligence where the motion to depose witnesses was filed five

15   months before trial.)

**III**

**<u>CONCLUSION</u>**

18          For the foregoing reasons, the United States respectfully asks that the Court deny the motion

19   to conduct the foreign deposition.

20          DATED: April 4, 2008

21                                          Respectfully submitted,

22                                          KAREN P. HEWITT
                                           United States Attorney
23
                                           s/ Rebecca Kanter
24
                                           REBECCA S.  KANTER
25                                         Assistant U.S. Attorney

26

27

28

                                   8                        08CR0285-H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0285-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| ESMERALDA SALAZAR-SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED that:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO MOTION TO CONDUCT FOREIGN DEPOSITION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    Leila W. Morgan, Esq.
2.    Reuben Cahn, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2008.

s/ Rebecca Kanter
REBECCA S. KANTER