KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747
rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0285-H |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **GOVERNMENT'S TRIAL MEMORANDUM** |
| ESMERALDA SALAZAR-SANDOVAL, | ) | |
| Defendant. | ) | Date:      April 8, 2008<br>Time:      9:00 a.m.<br>Honorable: Marilyn L. Huff |

The UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Rebecca S. Kanter, Assistant U.S. Attorney, files its trial memorandum.

//
//
//
//
//
//
//
//
//

**I.**

**STATEMENT OF THE CASE**

**A.   INDICTMENT**

On February 5, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Esmeralda Salazar-Sandoval ("Defendant") with (i) importing approximately 46.34 kilograms (101.94 pounds) of marijuana into the United States in violation of Title 21, United States Code, §§ 952 and 960; and (ii) possessing that marijuana with the intent to distribute it, in violation of Title 21, United States Code, § 841(a)(1).  Defendant was arraigned on the Indictment on February 5, 2008, and pleaded not guilty.

**B.   TRIAL STATUS**

A jury trial is scheduled for Tuesday, April 8, 2008, at 9:00 a.m. before the Honorable Marilyn L. Huff.  The United States expects its case-in-chief to last approximately one days.

**C.   DEFENSE COUNSEL**

Leila Morgan, Esq., and Reuben Cahn, Esq., of Federal Defenders of San Diego, Inc., are appointed counsel.

**D.   DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.   INTERPRETER**

None of the United States' witnesses requires the assistance of an interpreter.

**F.   JURY WAIVER**

Defendant has not filed a jury waiver.

**G.   PRE-TRIAL MOTIONS**

On March 10, 2008, Defendant filed motions to (1) compel discovery, (2) preserve evidence and re-weigh the narcotics; and (3) file further motions.  The Government filed a response in opposition on March 11, 2008.  At the pre-trial motions hearing on March 17, 2008, the Court granted Defendant's motions, including ordering the Government to preserve and re-weigh the drugs.  The Court set the trial for April 8, 2008, and set an *in limine* motions hearing for April 7, 2008.  The Court ordered motions *in limine* to be filed by March 28, 2008.

1    On March 28, 2008, the United States filed motions *in limine* to: (1) exclude all witnesses except the case agent; (2) admit demeanor evidence; (3) admit expert testimony by the United States; (4) preclude expert testimony by defense; (5) admit the vehicle registration; (6) admit narcotics evidence without chain of custody being established, (7) prohibit reference to health, age, education, and potential punishment; (8) preclude evidence of prior good acts; (9) exclude self-serving hearsay, and renewed its request for reciprocal discovery. The same day, Defendant filed motions *in limine* to: (1) exclude expert testimony on the street value of marijuana; (2) exclude expert testimony about the structure of drug organizations, (3) exclude evidence of alleged "nervousness;" (4) exclude bags of marijuana from the courtroom; (5) prevent a copy of the indictment from being submitted during deliberations, (6) exclude any 404(b) or 609 evidence; (7) exclude evidence of "mug shot" photos; (8) exclude poverty evidence; (9) prohibit vouching by the prosecution; (10) allow attorney-conducted voir dire; (11) order the production of TECs evidence.

In addition, on March 28, 2008, Defendant filed a motion requesting the Court to authorize foreign depositions. The parties's responses to these motions are due April 4, 2008. The motions *in limine* will be heard on April 7, 2008.

**H.    STIPULATIONS**

The parties have agreed to stipulate that the substance found in Defendant's vehicle tested positive for marijuana.

**I.    DISCOVERY**

The United States has complied and will continue to comply with its discovery obligations. Defendant has not produced reciprocal discovery.

**II.**

**STATEMENT OF FACTS**

**A.    INSPECTION AND ARREST**

On January 21, 2008, at approximately 1:39 p.m., Esmeralda Salazar-Sandoval ("Defendant") drove a 1989 Chevrolet Blazer to the Calexico West Port of Entry. Defendant applied for entry into the United States and told Customs and Border Protection Officer Weir that she had nothing to declare. Defendant said she was going to Wal-Mart. She stated she had owned the vehicle for over a year and

a half. She also stated that she and her husband worked at an auto repair shop. CBP Officer Weir noticed that the vehicle appeared to be too clean and referred her to the secondary inspection lot.

In the vehicle secondary lot, a narcotics detection dog alerted to the passenger side quarter panel. Defendant told CBP Officer Galaviz that she was the owner of the vehicle and was driving to the Wal-Mart in Calexico. CBP Officer Galaviz inspected the vehicle and found a total of 46 packages of marijuana contained in the quarter panels, spare tire, tailgate, and both the driver and passenger side doors. Newspaper was found in the compartments underneath and around the packages of marijuana. The total weight of the marijuana was 46.34 kilograms (101.94 pounds).

Agents also found the following items in the vehicle: a map of Hollywood and a Mexican registration document for the Blazer in the name of Esmeralda Salazar-Sandoval showing a registration date of August 8, 2007.

**B.    CHEMICAL EVALUATION OF THE DRUGS SEIZED**

A forensic chemist employed by the Drug Enforcement Administration and assigned to the Southwest Regional Laboratory in this district conducted a series of evaluations on the seized drugs and concluded that the substance tested positive for marijuana.

**III.**

**WITNESSES**

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses:

1. Elizabeth Weir, Customs and Border Protection Officer
2. Steve Barela, Canine Enforcement Officer, Customs and Border Protection
3. Robert Galaviz, Customs and Border Protection Officer
4. Enrique Torregrosa, Special Agent, Immigration and Customs Enforcement
5. Luz Carrera, Seized Property Specialist
6. Antonio Zenteno, Special Agent, Immigration and Customs Enforcement (value expert)
7. Rafael Silva, Special Agent, Immigration and Customs Enforcement

Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(G), on March 21, 2008, the Government gave Defendant notice of its intention to call an expert in narcotics trafficking, the value

of illicit narcotics, and distributable quantities of marijuana. The Government also gave notice of its intention to call a DEA Forensic Chemist as an expert witness to testify that the seized packages contained marijuana and to call a Special Agent with ICE as a TECS expert.

## IV.

## EXHIBITS

The United States will provide a complete exhibit list prior to trial. The United States requests that Defendant examine United States' exhibits before trial to expedite proceedings. The United States further requests an opportunity to examine Defendant's exhibits before trial. The United States intends to offer into evidence the following:

1. Photographs of Vehicle
2. Photograph of Marijuana
3. Vehicle Diagram
4. Certified California DMV Release of Liability
5. Vehicle Registration
6. Marijuana Sample
7. Valuation Chart
8. Authorization to Release Personal Property

## V.

## LEGAL ISSUES

**A.   EVIDENTIARY ISSUES**

The evidentiary issues anticipated by the Government have been addressed in its motions *in limine*.

**B.   ELEMENTS OF THE CHARGED OFFENSES**

    **1.   21 U.S.C. §§ 952 & 960, Importation of a Controlled Substance**

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly brought marijuana into the United States; and
2) Defendant knew that it was marijuana or some other prohibited drug.

9th Cir. Crim. Jury Instr. 9.27 (2003).

### 2. **21 U.S.C. § 841(a)(1), Possession of a Controlled Substance with Intent to Distribute**

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly possessed marijuana or some other prohibited drug; and

2) Defendant possessed it with the intent to deliver it to another person.

9th Cir. Crim. Jury Instr. 9.13 (2000). It does not matter whether Defendant knew that the substance was marijuana. It is sufficient that a defendant knew that it was some kind of prohibited drug. Id.

With regard to possession, the Government also notes that possession may be actual or constructive, and it may be proved by direct or circumstantial evidence. See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112-1113 (9th Cir. 2000). Moreover, a defendant's mere possession of a substantial quantity of a controlled substance may show that the defendant knowingly possessed the substance. See United States v. Diaz Cardenas, 351 F.3d 404, 407 (9th Cir. 2003)(holding that jury could infer knowledge when an individual is the driver and sole occupant of a vehicle containing 9.48 pounds of methamphetamine (4.31 kilograms) and 17.65 pounds of cocaine (8.02 kilograms) concealed in the air bag of the vehicle); United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir. 1989) (finding 2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute and noting that a secret compartment within a vehicle used to conceal illegal substances can raise an inference concerning knowledge of the substance).

With regard to distribution/delivery, the United States may prove the "intent to deliver" element based on the following: a large quantity of contraband (United States v. Diaz Cardenas, 351 F.3d at 407); the manner in which the controlled substance was packaged (United States v. Glenn, 667 F.2d 1269, 1292 (9th Cir. 1982)); and the street value of the narcotics (United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir. 1994)).

## VI.

## VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2. The Government will be calling witnesses employed by the Department of Homeland Security, Customs and Border Protection and Immigration and Customs Enforcement. Does anyone have family members or close friends who work, or have worked, for these agencies? Would that prevent you from being fair and impartial?

3. Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

4. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5. Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

6. Has anyone had any training in the law? If so, please explain.

7. Will you be able to put aside any feeling of sympathy or pity for the defendant when deciding the facts of this case?

8. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9. You understand that the parties have asked for a trial because they disagree on what the facts are and they want you to make a decision. Does anybody have any moral or religious reservations that might prevent them from standing in judgment of other human beings?

10. The defendant in this case is charged with importation of a controlled substance. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent them from viewing the evidence impartially?

11. The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

## VII.

## **JURY INSTRUCTIONS**

Proposed jury instructions will be filed under separate cover. The United States reserves the right to submit additional instructions at the Rule 30 conference.

DATED: April 4, 2008.

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney

    s/ Rebecca Kanter
    REBECCA S. KANTER
    Assistant U.S. Attorney

Attorneys for Plaintiff
United States of America

|     |     |     |
| --- | --- | --- |
|     | UNITED STATES DISTRICT COURT | |
|     | SOUTHERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,        )   Case No. 08CR0285-H
                                 )
            Plaintiff,           )
                                 )
            v.                   )
                                 )   CERTIFICATE OF SERVICE
ESMERALDA SALAZAR-SANDOVAL,      )
                                 )
            Defendant.           )
                                 )

IT IS HEREBY CERTIFIED THAT:

    I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of Government's Trial Memorandum to be served on the following by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Leila Morgan, Esq.
    2.    Reuben Cahn, Esq.

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on April 4, 2008.

                                    s/ Rebecca Kanter
                                    REBECCA S. KANTER