1  **LEILA W. MORGAN**
   California State Bar No. 232874
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  Leila_Morgan@fd.org

5

   Attorneys for Ms. Salazar-Sandoval
6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10                     **(HONORABLE MARILYN L. HUFF)**

11

12  UNITED STATES OF AMERICA,          )   Case No.: 08CR0285-H
                                       )
13             Plaintiff,              )   DATE: April 7, 2008
                                       )   TIME: 9:00 a.m.
14  v.                                 )
                                       )   DEFENDANT'S RESPONSE IN OPPOSITION
15  ESMERALDA SALAZAR-SANDOVAL,        )   TO GOVERNMENT'S MOTIONS IN LIMINE
                                       )   TO:
16             Defendant.              )
                                       )   (1)  PRECLUDE ALL WITNESSES EXCEPT
                                       )        CASE AGENT;
17                                     )   (2)  ADMIT DEMEANOR EVIDENCE;
                                       )   (3)  ADMIT EXPERT TESTIMONY;
18                                     )   (4)  PRECLUDE EXPERT TESTIMONY BY
                                       )        THE DEFENDANT;
19                                     )   (5)  ADMIT VEHICLE REGISTRATION;
                                       )   (6)  ESTABLISH CHAIN OF CUSTODY;
20                                     )   (7)  PRECLUDE REFERENCE TO HEALTH,
                                       )        AGE, EDUCATION & POTENTIAL
21                                     )        PUNISHMENT;
                                       )   (8)  EXCLUDE EVIDENCE OF PRIOR
22                                     )        GOOD ACTS;
                                       )   (9)  EXCLUDE SELF SERVING HEARSAY;
23                                     )        AND
                                       )   (10) RENEWED MOTION FOR
24                                     )        RECIPROCAL DISCOVERY.
                                       )
25  _____    )

26  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
27        REBECCA S. KANTER, ASSISTANT UNITED STATES ATTORNEY.

28

1  COMES NOW, the defendant, Esmeralada Salazar-Sandoval, by and through her counsel, Leila W. Morgan, Reuben C. Cahn, and Federal Defenders of San Diego, Inc., and hereby files a response in opposition to the motions in limine filed by the government.

## I.

## STATEMENT OF THE CASE

Esmeralda Salazar-Sandoval is charged with importation and possession with intent to distribute 46.34 kilograms of marijuana. The motion *in limine* hearing is scheduled for April 7, 2008, at 9:00 a.m., with trial scheduled for April 8, 2008, at 9:00a.m.

## II.

## STATEMENT OF FACTS

Ms. Salazar-Sandoval adopts her "statement of facts" from her pre-trial motions. Again, however, that statement of facts, and those facts referred to in this memorandum, are based on information provided by the government. Ms. Salazar-Sandoval does not admit the accuracy of these facts and reserves the right to challenge them at a later time.

## III.

## THIS COURT SHOULD PERMIT THE DEFENSE INVESTIGATOR TO REMAIN IN THE COURTROOM

The government moves to exclude all witnesses from the courtroom during trial, with the exception of the government's case agent. Ms. Salazar-Sandoval points out that the same logic for permitting the government's case agent to remain in the courtroom also applies to the defense investigator assigned to this case. The government argues that its case agent should be present because he is essential to the government's case because he has been essential in moving the investigation forward. Likewise, Ms. Salazar-Sandoval's investigator has been essential to preparing her case.

Much of what the defense team understands about this case was learned post-indictment through defense investigation—an investigation largely conducted by the defense investigator assigned to the case, Ms. Lorena Garcia. As a criminal defendant, Ms. Salazar-Sandoval will be in no position to keep track of this investigation, discovery, and other matters during trial. Just as the

case agent is "an integral part of the trial team," Ms. Garcia "has been critical in moving the investigation forward," and is an invaluable member of the defense team whose presence should be allowed.

## IV.

## THE COURT SHOULD NOT ADMIT DEMEANOR EVIDENCE

Ms. Salazar-Sandoval objects to any testimony by agents that she appeared "nervous" at the border. The authorities cited by the government do not require a different result.

**A.     "Nervousness" Testimony is Largely Irrelevant and Overly Prejudicial**

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if the "[p]robative value is substantially outweighed by danger of unfair prejudice." Laywitness testimony regarding nervousness, absent some prior knowledge of the defendant, has minimal, if any, relevance. See United States v. Pineda-Torres, 287 F.3d 860, 866 (9th Cir. 2002) (describing an immigration officer's testimony about the defendant's "apparent nervousness" only "marginally probative" on the issue of knowledge) United States v. Wald, 216 F.3d 1222, 1227 (10th Cir.2000) (*en banc*) (evidence of nervousness "is of limited significance"[,] particularly when [the agent] had no prior acquaintance with the [defendant].")

These cases demonstrate that the judiciary places little to no weight upon nervousness in making particular fact-based rulings under the lesser burdens of proof than the beyond a reasonable doubt standard applicable at trial. See, e.g., United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001) ("[N]ervousness during a traffic stop–even . . . extreme nervousness . . . in the absence of other particularized, objective factors, does not support a reasonable suspicion of criminal activity"). For example, in Chavez-Valenzuela, Wald and Fernandez, nervousness was considered to be of little to no probative value in a probable cause/reasonable suspicion context where evidentiary standards are relaxed and **where there is no need to consider the prejudicial impact of such evidence**. See id.; Wald, 216 F.3d at 1227; Fernandez, 18 F.3d at 879.

"Nervousness" is of little probative value because "nervousness" has equally plausible innocent and a guilty explanations. People confronted with law enforcement often exhibit signs of nervousness, without having done anything wrong. See, e.g., United States v. Chavez-Valenzuela,

1  268 F.3d 719, 725 (9th Cir. 2001)("Encounters with police are necessarily stressful for law-abiders
2  and criminals alike"); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 (9th Cir. 2000)
3  (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for many reasons,
4  one being a natural unease when confronted by an authority figure and another being fear of getting
5  caught with contraband the person knows he is carrying").

6  This, coupled with the willingness of jurors to give undue weight to testimony by law
7  enforcement officers, renders "nervousness" testimony more prejudicial than probative. See, e.g.,
8  United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir.1993) (testimony of law enforcement officers
9  "often carries an aura of special reliability and trustworthiness"). For these reasons, any testimony
10 that Ms. Salazar-Sandoval displayed signs of nervousness is largely irrelevant to any disputed issue
11 and should be excluded under Federal Rule of Evidence 403.

**B.      "Nervousness" Testimony Violates Rules 701 & 704(b)**

Such evidence should be excluded if it is couched in terms of a law enforcement witness' personal opinion about Ms. Salazar-Sandoval's behavior, *i.e.,* "she was nervous." An inspector or agent's personal opinion is irrelevant and such opinion testimony based on no prior knowledge of the defendant, and upon a very limited observation opportunity, violates Fed. R. Evid. 701. Rule 701 provides that a lay witness can only testify to opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. In Gonzalez-Rivera v. INS, 22 F.3d 1441 (9th Cir. 1994), this Circuit held that an INS agent's testimony at a suppression hearing that an individual was nervous must be disregarded because it was not based upon "reliable, objective evidence." Id. at 1447. There, when explored, the basis for the agent's testimony was that the individual appeared to have a "dry mouth." The court stated that absent reliable, objective testimony that people who are nervous have a dry mouth, as opposed to just being thirsty, this inference was nothing more than "subjective feelings [which] do[] not provide any rational basis for separating out the illegal aliens from the American citizens and legal aliens." Id. Likewise, testimony by the primary agent that Ms. Salazar-Sandoval was "nervous" is nothing more than a subjective judgment based upon no prior

1 knowledge of him and should not be considered by the jury.

2   As for government's citation to Fed R. Evid. 701, Ms. Salazar-Sandoval fails to understand how it would assist the jury to hear a lay opinion by agents that Ms. Salazar-Sandoval appeared nervous. These agents do not know Ms. Salazar-Sandoval. They did not spend a long period of time with him. As such, they are in no better position than the jury to determine what Ms. Salazar-Sandoval's actions that day signified.

   As for the caselaw cited by the government, it overstates the government's position. For example, in United States v. Hursh, 217 F.3d 761 (9th Cir. 2000), the Ninth Circuit did *not* "hold" that a jury may consider a defendant's nervousness. Rather, in assessing a sufficiency of the evidence argument, the panel there simply stated that agents had testified that the defendant appeared nervous and that testimony could have been relied on by the jury in reaching their verdict. Hursh, 217 F.3d at 768. Whether this testimony was objected to at trial is left unstated. As with Hursh, United States v. Barbosa, 906 F.2d 1366, 1368 99th Cir. (1990) involves a sufficiency of the evidence challenge in which there was testimony that the defendant appeared nervous. And as in Hursh, the Barbosa panel did not address the propriety of the testimony itself. Id.[1]

   United States v. Fuentes-Cariaga, 209 F.3d 1140 (9th Cir. 2000), is even less compelling. At issue there was the district court's refusal to allow testimony from a defense witness that a defendant's apparent "nervousness" was not a substantial factor in deciding whether to send someone to the secondary inspection area at a port of entry. Id. at 1142. The defendant argued that decision impaired his right to present a defense, an argument the panel rejected. Id. at 1142-44. Notably, the panel stated that the agents "did not testify that nervousness is an important factor in deciding whether a driver is intentionally importing contraband; what they testified to was that nervousness was a factor in determining *whether to refer a driver to secondary for further inspection.*" Id. at 1142 (emphasis in original). In this case, Ms. Salazar-Sandoval was referred to the secondary inspection area because of the cleanliness of her car and not her "nervousness."

---

[1] The government also cites to United States v. Lui, 941 F.2d 844, 848 (9th Cir. 1991). This case, however, involves "drug-courier profile" testimony in a non-complex drug trial. Id. Testimony, Mr. Rocha-Zamora notes, the Ninth Circuit found erroneously admitted. Id. at 848-49.

## V.

## THE COURT SHOULD NOT ADMIT EXPERT TESTIMONY

**A. Identity of Substance as Marijuana**

As it goes to an element of the charges against her, Ms. Salazar-Sandoval does not object to the admission of testimony that attempts to prove the marijuana seized was marijuana. Further, Ms. Salazar-Sandoval has agreed to enter into a stipulation with the government that the substance found was marijuana.

**B.    Value of Marijuana**

The value of the marijuana in this case is irrelevant. Ms. Salazar-Sandoval is charged with the knowing possession, with intent to distribute, of marijuana. The marijuana's value does not go to any element of these crimes. In its papers, the government fails to articulate how the value of the marijuana is "circumstantial" evidence of Ms. Salazar-Sandoval's mental state at the border. See Gov't In Limine Motion at 6. Without an articulated basis of relevancy to Ms. Salazar-Sandoval's mental state and not that of the "original owners," the government should be precluded from offering expert testimony about the value of the marijuana.

**C.    Personal Use Versus Distributable Amount of Marijuana**

Any testimony that the amount of marijuana in the Chevrolet Balzarer was a "distributable amount" would be improper opinion testimony under Fed. R. Evid. 704. In a criminal case, no expert may opine that he defendant did or did not have a "mental state or condition constituting an element of the crime charged or a defense thereto." Fed. R. Evid. 704(b).

To convict Ms. Salazar-Sandoval under 21 U.S.C. § 841, the government must prove that she possessed marijuana with the intent to distribute the marijuana. The elements of intent and distribution are so closely linked that an expert opinion on one element is, as a practical matter, an opinion on the other. But see United States v. Younger, 398 F.3d 1179 (9th Cir. 2005) (affirming the admission of such testimony under an abuse of discretion standard). Allowing an expert to opine that a certain amount of marijuana is a "distributable amount" is tantamount to having that expert opine that Ms. Salazar-Sandoval intended to distribute that amount.

1  **D.  The Court Should Not Allow Rebuttal Expert Testimony Regarding the Structure of Drug Organizations.**

Ms. Salazar-Sandoval objects to any "structure" evidence introduced by the government. Such evidence is irrelevant and unduly prejudicial in a non-complex drug case where a defendant's knowledge is at issue. United States v. Vallejo, 237 F.3d 1008, 1015-17.

The government's reliance on United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001) is misplaced. There, the Ninth Circuit affirmed the admission of a limited type of structure testimony because the defendant (as opposed to the defendant in Vallejo) had raised an issue as to the absence of fingerprints on the marijuana seized from the car he was driving. Id. at 1176-77. Ms. Salazar-Sandoval has not argued that a lack of fingerprints on the marijuana seized from the Chevrolet Blazer she was driving indicates that she lacked knowledge of the drug's presence in the vehicle. For this reason, Murillo does not apply to this case.

Further, the Ninth Circuit has recently reaffirmed the long standing rule that admitting evidence of the structure of a smuggling organization is reversible error absent evidence of a connection between the individual and the smuggling organizations. United States v. Perez,( USCA No. 07-10207, 9th Cir. April 1, 2008). The Court stated that "[t]estimony about the 'blueprint' structure of [ ] smuggling organizations, and the roles played by different persons within those organization, 'attributes knowledge to the defendant by attempting to connect him to an international conspiracy and thus implies that hte defendant participated in a large-scale operation[,]...'" Id. at 3. (citing United States v. Pineda-Torres, 287 F.3d 860, 865 (9th Cir. 2002).

The government as not, and cannot establish any link between Ms. Salazar-Sandoval and a drug trafficking organization, therefore the any evidence of the structure of drug organizations, or the roles individuals play within those organizations is not admissible.

//
//
//
//
//

## VI.

**PROVIDED THE DEFENSE COMPLIES WITH THE RULES OF CRIMINAL PROCEDURE THE COURT SHOULD NOT PRECLUDE EXPERT EVIDENCE**

The defense will comply with its obligations under Fed. R. Crim. Proc. 16(b)(C).

## VII.

**ADMISSION OF THE VEHICLE REGISTRATION**

Ms. Salazar-Sandoval does not object to the admission of the registration document found in the vehicle on hearsay grounds. She reserves her right to object to the evidence at trial should the government fail to lay the appropriate foundation for the document, or otherwise establish its admissibility under the Federal Rules of Evidence.

## VIII.

**THE COURT SHOULD REQUIRE THE GOVERNMENT TO ESTABLISH CHAIN OF CUSTODY**

Ms. Salazar-Sandoval fully expects the government to adhere to the evidentiary requirements established by Fed. R. Evid. 901 concerning the authentication of physical evidence. Should the government seek to admit the alleged marijuana seized in this case, establishment of a "chain of custody" is required to establish that the drug evidence presented at trial is indeed the same drug evidence that had a role in the events in issue.

As the alleged marijuana seized in this case is "an object connected with the commission of a crime, the proponent must also establish the chain of custody." Gallego v. United States, 276 F.2d 914, 917 (9th Cir.1960). Additionally, the government "must introduce sufficient proof so that a reasonable juror could find that the items in the bag are in 'substantially the same condition' as when they were seized." Id.

## IX.

## THE COURT SHOULD ALLOW REFERENCE TO DEFENDANT'S HEALTH, AND EDUCATION

The government moves to preclude reference to defendant's age, health, finances, education and potential punishment in this case on the grounds that those matters are irrelevant. Ms. Salazar-Sandoval has no intention of referencing any potential punishment to the jury. However, her age, education, finances and health may well be relevant to providing the jury with necessary background information, rebutting inferences drawn by the government, or providing the jury with information useful to their assessment of Ms. Salazar-Sandoval's credibility as a witness should she choose to testify or as a declarant should the government elect to introduce her statements to the jury.

The government's prejudice argument is misplaced. There is no reason to think that reference to Ms. Salazar-Sandoval's age, finances, education or health will play on the jury's sympathy. In fact, there is nothing at all to suggest that the jury will not assess this information as it is instructed to assess all other relevant evidence submitted—properly weighted and in the context of the overall case.

## X.

## CHARACTER EVIDENCE SHOULD BE ADMITTED IN CONCURRENCE WITH THE RULES OF EVIDENCE

Ms. Salazar-Sandoval will, of course, comply with the rules of evidence regarding the admittance of character evidence.

## XI.

## THE COURT SHOULD RULE ON THE GOVERNMENT'S "SELF-SERVING" HEARSAY MOTION IN CONTEXT

The government moves to preclude Ms. Salazar-Sandoval's out-of-court statements to the extent that they constitute "self-serving hearsay" and are thus inadmissible under Fed. R. Evid. 801(d)(2). Ms. Salazar-Sandoval has no intention of putting self-serving hearsay before the jury.

## XII.

## THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

The government renews its motion for reciprocal discovery. Ms. Salazar-Sandoval, has thus far, and will comply with the requirements of Rules 16 and 26.2, making this issue moot.

## XIII.

## CONCLUSION

For the reasons stated, and to the extent stated, Ms. Salazar-Sandoval requests that this Court deny the government's motions *in limine*.

Respectfully submitted,

Dated: April 4, 2008

*s/Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Salazar-Sandoval

08CR0285-H