**REUBEN CAMPER CAHN**
California State Bar No. 255158
**LEILA W. MORGAN**
California State Bar No. 232874
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Ms. Salazar-Sandoval

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR0285-MLH |
| Plaintiff, ) | |
| v. ) | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |
| ESMERALDA SALAZAR- SANDOVAL ) | |
| Defendant. ) | |

## INTRODUCTION

On January 21, 2008, Esmeralda Salazar was stopped at the border driving her own Chevy Blazer in which Customs and Border Protection officers found hidden in compartments marijuana. Ms. Salazar now seeks to preserve and present the testimony of her mother, who was aware of problems Ms. Salazar had with her car, aware that she had left it for several days with a mechanic and aware, that on the day of her arrest, Ms. Salazar intended to pick up the vehicle and, if necessary, drive into the United States to pick up parts required for the car's repair. Because her mother lives in Mexico and is ill with severe heart disease, Ms. Salazar can only present this

critical evidence through either a Rule 15 deposition or admission of Dolores Sandoval's sworn videotaped statement. This motion ensues.

## FACTS

On January 21, 2008, Esmeralda Salazar Sandoval arrived at the Calexico East Port of Entry. She was driving her 1989 Chevy Blazer. Customs and Border Protection Officers directed Ms. Salazar to secondary inspection where a narcotics dog alerted to her car. A search found packages of marijuana hidden in the doors and tailgate of her car.

On March 26, 2008, undersigned counsel interviewed Ms. Salazar's mother, Delores Sandoval Perales in Mexicali, Mexico. Counsel learned that Ms. Sandoval could provide relevant, exculpatory testimony and that she is extremely ill and cannot travel to the United States. (Attached hereto as Exhibit C is a letter from Ms. Sandoval's cardiologist, Dr. Raul Aguilera Zarate explaining that Ms. Sandoval suffers from Stage III heart failure and artrial fibrillation which prevents her from performing even normal daily activities.) Thereupon, counsel arranged to return Mexicali with a federally certified court interpreter and a video camera to record Ms. Sandoval's statement. Prior to doing so, on April 2, 2008, counsel notified Assistant United States Attorney, Rebecca Kanter, that counsel would secure a videotaped statement from Ms. Sandoval and invited Ms. Kanter's participation. AUSA Kanter declined. On April 4, 2008, counsel traveled again to Mexicali and took a sworn, videotaped statement from Ms. Sandoval concerning her knowledge of the case. A transcript of that statement is attached hereto as Exhibit A. (A compact disc containing the videotaped recording of the statement will be submitted under separate cover.)

In her videotaped, sworn statement, Ms. Sandoval relates the following: (1) that Ms. Salazar is the owner of the Chevy Blazer seized at the port; (2) that the car began having trouble several weeks before Ms. Salazar's arrest; (3) that Ms. Salazar took the car to several auto repair shops in an effort to get it fixed; (4) that the week prior

to her arrest, Ms. Salazar intended to take the car to a shop recommended by a neighbor and that she left her house with the car but returned without it; (5) that, on the day of her arrest, Ms. Salazar left her house planning to pick up the car and if necessary to drive to the United States to pick up any parts necessary to complete the repairs; (6) that Ms. Sandoval traveled to the Port of Entry with Ms. Salazar's common law husband to retrieve her belongings; (7) that he was given only a small purse containing a very few items; (8) that Ms. Sandoval is in ill health and unable to travel.

On April 21, 2008, Ms. Sandoval was placed under oath by a Mexican notary public, Ramiro E. Duarte Quijada, authorized to administer oaths subjecting individuals to prosecution for perjury under Mexican law. Before him, Ms. Sandoval swore to the truth of her videotaped statement. The document setting out the oath and the transcript Spanish language transcript of the videotaped statement to which Ms. Sandoval swore is attached hereto as Exhibit B.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Motion For Rule 15 Deposition**

Federal Rule of Criminal Procedure 15 provides in relevant part:

> [W]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition.

The Ninth Circuit has explained that:

> Ordinarily, exceptional circumstances exist when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice. This court has held that it is unjust to deprive a defendant of what may be crucial exculpatory evidence. *See People of the Territory of Guam v. Ngirangas*, 806 F.2d 895, 897 (9th Cir.1986).

*United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998). Thus, as set out in *Sanchez-Lima*, the authorization of a deposition is appropriate if two requirements are met: (1) that the witness is unavailable for trial and (2) that the witness may offer crucial exculpatory evidence. *See also United States v. Ramos*, 45 F. 3d 1519, 1522-

23 (11th Cir. 1995) (exceptional circumstances requiring deposition exist where (1) witness is unavailable for trial, (2) witness will present testimony material to movant's case, and (3) countervailing factors do no render taking of the deposition unjust to the moving party.)

Here, it is clear that Ms. Salazar has established the propriety and necessity of a deposition. Ms. Sandoval is clearly unavailable. She resides in Mexico, beyond the subpoena power of the United States. As explained in *United States v. Ramos*, 45 F. 3d at 1523, this alone is sufficient to establish unavailability: "a substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial, or even having declared willingness to testify cannot be subpoenaed if he changes his mind." *Id.* citing *United States v. Drogoul*, 1 F.3d 1553, 1557 (11th Cir. 1993). *See also United States v. Sanchez-Lima*, 161 F.3d at 548 (witnesses were unavailable where they had been deported to and resided in Mexico). Equally important, Ms. Sandoval is simply unable to travel to San Diego to testify at trial. As set out above, Dolores Sandoval is extremely ill, suffering from a grave heart condition. It would be completely unreasonable to expect that she could travel to the Port of Entry, wait in line for a parole, then travel, in custody, for a more than two hour drive from Calexico to San Diego.

It is also clear that the proposed testimony of Ms. Sandoval is material exculpatory evidence. Ms. Sandoval's videotaped statement demonstrates that the car Ms. Salazar drove on the day of her arrest had been out of her possession in the custody of someone with automotive knowledge for several days. Ms. Salazar's theory of the case is that, during this interval, someone hid marijuana in the car without her knowledge. Ms. Sandoval also offers testimony pursuant to Fed. R. Evid. 803(3) of Ms. Salazar's the existing intent and plan to drive to the United States if necessary to pick up parts necessary to complete her car's repair. Consistent with Ms. Salazar's theory of defense, this explains why she would have driven to the Port of

Entry on that day. Finally, Ms. Sandoval offers testimony that will be material if it becomes necessary to rebut a government claim that certain pieces of evidence not produced to the defense were returned to Ms. Salazar's relatives. Thus, the absence of Ms. Sandoval's proposed testimony "would deprive defendant of crucial exculpatory evidence" and would thus "result in an injustice." *Sanchez-Lima*, 161 F.3d at 548.

**Motion To Admit Sworn Videotaped Statement Pursuant To Fed. R. Evid. 807**

Alternatively, defendant moves to admit the sworn videotaped statement of Dolores Sandoval pursuant to Rule 807. The standard for admission of such a statement is set out in *United States v. Sanchez-Lima, id.*:

> Hearsay evidence sought to be admitted under Rule 807 must have circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule. *See United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir.1994). Furthermore, the statement must (1) be evidence of a material fact; (2) be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) serve the general purposes of the Rules of evidence and the interests of justice by its admission into evidence. Fed.R.Evid. 807.

In *Sanchez-Lima*, the defendant was charged with assault on a Border Patrol agent. He raised self defense and sought to depose or present the videotaped statements of material witness whom the United States had deported. The videotaped statements had been taken by the defense in Mexico. The defense had provided notice to the government which, apparently, had appeared but chose not to cross-examine. In reversing the district court, the Ninth Circuit held the statements met the requirements for admissibility under Fed. R. Evid. 807:

> The videotaped statements in this case met all of these requirements. The statements possessed guarantees of trustworthiness because the declarants (1) were under oath and subject to the penalty of perjury; (2) made the statements voluntarily; (3) based the statements on facts within their own personal knowledge; (4) did not contradict any of their previous statements to government agents and defense investigators; and (5) had their testimony preserved on videotape which would allow the jurors an opportunity to view their demeanor. *See Barker v. Morris*, 761 F.2d 1396, 1401-03 (9th Cir.1985). The government had an opportunity

to develop the testimony of these *548 witnesses before they were deported, and the government also had notice and the option to participate in taking the videotaped statements. Although the government declined to cross-examine the witnesses during the videotaped session, cross-examination is not required in every case. Id. Finally, the videotaped statements constituted evidence of a material fact regarding Sanchez-Lima's self-defense theory and honest mistake of fact as to the agents' identity. These statements are more probative than any other evidence which could be procured by reasonable efforts, including the Grand Jury testimony which lacked some of the critical evidence contained in the videotape.

*Sanchez-Lima,* 161 F. 3d at 547-48.

*Sanchez-Lima* is controlling here: As in that case, Ms. Sandoval's statements (1) were made under oath and under penalty of perjury, (2) were voluntarily, (3) are based on facts within her knowledge, (4) do not contradict any previous statements by her, (5) were preserved on videotape so that the jury can view her demeanor. Similarly, as in *Sanchez-Lima*, the government here had notice of the taking of the statement and could have participated and cross-examined Ms. Sandoval. Finally, Ms. Sandoval's testimony is crucial exculpatory evidence not available through any other source. Thus, this case is on all fours with *Sanchez-Lima. Id.* at 547-48. Thus, if this Court declines to authorize a deposition of Ms. Sandoval, it should admit into evidence her videotaped sworn statement.

## CONCLUSION

WHEREFORE, Esmeralda Salazar Sandoval respectfully requests that this Court authorize the deposition of Dolores Sandoval Perales or alternatively admit in evidence her sworn videotaped statement.

Respectfully submitted,

Dated: April 28, 2008      / Reuben Camper Cahn
REUBEN CAMPER CAHN
LEILA W. MORGAN
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Salazar-Sandoval

1  **REUBEN CAMPER CAHN**
   California State Bar No. 255158
2  **LEILA W. MORGAN**
   California Bar No. 232874
3  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
4  San Diego, California  92101-5008
   Telephone:  (619) 234-8467
5  Facsimile: (619) 687-2666
6  Leila_Morgan@fd.org

7
   Attorneys for Ms. Salazar-Sandoval
8

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0285-H |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| **ESMERALDA SALAZAR-SANDOVAL**, | |
| Defendant. | |

   **I HEREBY CERTIFY** that on April 28, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                               */s/    Reuben Camper Cahn*
                          **REUBEN CAMPER CAHN**
                          **LEILA W. MORGAN**
                          Federal Defenders of San Diego, Inc.
                          225 Broadway, Suite 900
                          San Diego, CA  92101
                          Telephone: (619) 234-8467
                          Facsimile: (619) 687-2666
                          Leila_Morgan@fd.org
                          Reuben_Cahn@fd.org
                          Attorneys for Ms. Salazar-Sandoval

# SERVICE LIST

**United States v. Esmeralda Salazar-Sandoval**
**Case No. 08CR0285**
**United States District Court, Southern District of California**

**Rebecca Kanter**
Rebecca.Kanter@usdoj.gov

[Service via CM/ECF]