# Exhibit C

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,    ) Case No. 08CR0285-H
                             )
         Plaintiff,          ) San Diego, California
                             )
vs.                          ) Monday,
                             ) March 17, 2008
ESMERALDA SALAZAR-SANDOVAL,  ) 2:00 p.m.
                             )
         Defendant.          )
_____)


         TRANSCRIPT OF MOTION HEARING/TRIAL SETTING
            BEFORE THE HONORABLE MARILYN L. HUFF
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:         REBECCA KANTER, ESQ.
                           Assistant United States
                            Attorney
                           880 Front Street
                           San Diego, California 92101

For the Defendant:         FEDERAL DEFENDERS OF SAN DIEGO
                           BY: LEILA W. MORGAN, ESQ.
                           225 Broadway, Suite 900
                           San Diego, California 92101
                           (619) 234-8467

Transcript Ordered by:     REBECCA KANTER, ESQ.

Court Recorder:            Nancy Cablay
                           United States District Court
                           940 Front Street
                           San Diego, California 92101



Proceedings recorded by electronic sound recording;
transcript produced by transcription service:
```

*Echo Reporting, Inc.*

ii

| | |
|---|---|
| 1  Transcriber: | Tara Bauer |
| 2 | Echo Reporting, Inc.<br>6336 Greenwich Drive<br>Suite B |
| 3 | San Diego, California 92122 |
| 4 | (858) 453-7590 |

*Echo Reporting, Inc.*

1

1     SAN DIEGO, CALIFORNIA MONDAY, MARCH 17, 2008 2:00 P.M.
2                              --oOo--
3          (Call to order of the Court.)
4          THE CLERK:  Seventeen on calendar, 08CR285, U.S.A.
5    versus Esmeralda Salazar-Sandoval, motion hearing/trial
6    setting.
7          MS. MORGAN:  Good afternoon, your Honor, Leila
8    Morgan on behalf of Ms. Salazar-Sandoval, she's in custody
9    and not yet present.
10         MS. KANTER:  Good afternoon, your Honor, Rebecca
11   Kanter for the United States.
12         (Pause.)
13         MS. MORGAN:  Ms. Salazar is now present before the
14   Court, in custody, and will be assisted by the court
15   certified Spanish interpreter.
16         (Pause.)
17         THE COURT:  One moment.
18         (Court conferring with the clerk.)
19         THE COURT:  Good afternoon.
20         MS. MORGAN:  Good afternoon, your Honor.
21         THE COURT:  This is a time set for motions in this
22   case.  Do the parties wish to proceed with motions?
23         MS. MORGAN:  Yes, your Honor, at this time we do.
24         THE COURT:  All right, thank you.  On the motion
25   to preserve evidence, any objection by the Government?

2

1  MS. KANTER: No objection to the motion to
2  preserve.
3  THE COURT: And how about to re-weigh the
4  narcotics?
5  MS. KANTER: Your Honor, the Government does
6  object at this time. I'm --
7  THE COURT: It does object?
8  MS. KANTER: Yes, your Honor.
9  THE COURT: On what grounds?
10 MS. KANTER: On the grounds that we have not -- we
11 don't believe the Defendant has articulated there is any
12 error in the original weighing of the narcotics.
13 MS. MORGAN: Your Honor, first of all, this is a
14 case where there's 46.34 kilograms of marijuana, and that
15 seems to be a gross weight. I have yet to receive a DEA 7,
16 I'm sure it's forthcoming, but we would ask for an
17 opportunity to re-weigh, because stripped of packaging it
18 very well may change Ms. Salazar-Sandoval's guideline
19 range --
20 THE COURT: What's the break point?
21 MS. MORGAN: Forty kilograms.
22 THE COURT: Forty. So it's close. So --
23 MS. MORGAN: Not to mention we would ask for an
24 opportunity to inspect the narcotics. It is the
25 Government's evidence at trial, and I don't think that's

3

1  unreasonable.
2       THE COURT: The Court will grant the motion to re-
3  weigh and to preserve evidence.
4       MS. MORGAN: Is the Court also -- and my
5  understanding is that we have to have an order to be able to
6  physically view the vehicle. I've encompassed that in my
7  discovery motion, I just want to make sure we have a
8  specific minute order that will allow me to go physically
9  see the vehicle and view its contents. It's fairly
10 standard.
11      THE COURT: And that would be by minute order?
12      MS. MORGAN: Yes.
13      THE COURT: And so if it says, "The Court grants
14 the motion to preserve and re-weigh narcotics," that's
15 different than viewing the vehicle?
16      MS. MORGAN: I believe so. I -- I just want to
17 make sure my bases are covered so I'm not petitioning the
18 Court for an additional order.
19      THE COURT: Okay. So then the Court, in the
20 minute order, will also say, "The Court grants the
21 Defendant's request to view the vehicle, and items in the
22 vehicle, upon reasonable time and notice to the Government."
23      MS. MORGAN: Perfect. Thank you, your Honor.
24      THE COURT: Then in this case, was there any
25 statement of the Defendant?

*Echo Reporting, Inc.*

4

1  MS. MORGAN: No, your Honor. It's my
2  understanding that Ms. Salazar-Sandoval invoked her Fifth
3  Amendment right, and so as far as I am aware, from current
4  discovery at this point, there are no statements of Ms.
5  Salazar-Sandoval. Obviously, I reserve the right to
6  challenge any -- the admissibility of any statements that
7  are later provided to me.
8  THE COURT: All right.
9  MS. KANTER: Your Honor, just to clarify. I think
10 there were statements made to the primary inspection
11 officer, but yes, there was no statements post Miranda.
12 MS. MORGAN: I'm aware of the -- the primary
13 statements.
14 THE COURT: Okay. Ms. Barrios, are you still
15 going to trial April 8th?
16 MS. BARRIOS: Your Honor, at this point I am
17 planning to be prepared. As the Court knows, I'm having him
18 evaluated by a doctor, so that could be -- I have no
19 objection if the Court wants to set something on the
20 calendar. I don't have that report yet from the doctor, so
21 I don't --
22 THE COURT: You don't have the report yet? I
23 don't have the -- it's Steve DiSalvo's (phonetic) case.
24 MS. BARRIOS: And I think he was -- also had
25 problems with the agent in that case. The agent was

5

1 hospitalized, had a surgery.
2        THE COURT:  Okay.  And I'm designating you, Ms.
3 Kanter, as standing in on that.  So I could set this one for
4 trial April 8th.
5        MS. MORGAN:  Let me double check my calendar.
6        THE COURT:  Assuming -- and then we'd work out
7 what happens on your case.
8        MS. MORGAN:  And would motions in limine be the
9 morning of the 8th or the 7th?
10       THE COURT:  The 7th.
11       MS. MORGAN:  Currently I -- your Honor, my problem
12 with April 8th is, I think that it's going to be necessary
13 for Ms. Salazar-Sandoval to actually parole in witnesses,
14 and it's my understanding that the -- it takes at least two
15 weeks to do that.
16       THE COURT:  How many weeks do we have?
17       MS. MORGAN:  That puts us --
18       THE COURT:  One, two.  We got two.
19       MS. MORGAN:  Two-and-a-half.
20       THE COURT:  Yeah.  Why don't we do it and then you
21 get your parole letters out right away.
22       MS. MORGAN:  That's fine.  That's fine, your
23 Honor.
24       THE COURT:  And then if -- if it doesn't work, you
25 couldn't get your witnesses --

6

1     MS. MORGAN:  We can readdress that on the 8th.
2     THE COURT:  -- we'll understand?
3     MS. KANTER:  Yes.
4     THE COURT:  The reason I'm saying is that, then
5 we've got a large case the 22nd that goes on forever.  So --
6     MS. MORGAN:  The 22nd of April?
7     THE COURT:  Yeah.
8     MS. MORGAN:  And then we -- I run into scheduling
9 difficulties starting in May, so --
10    THE COURT:  So why don't we set it for the 8th
11 with motions in limine on the 7th, recognizing that because
12 of the timing of the calendar, if this poses a problem for
13 this one or the other case, that we'll adjust.
14    MS. MORGAN:  Okay, perfect.  And then it would
15 make our in limine motions, just so I'm -- I make sure I'm
16 scheduling correct, due on the 24th, with responses on the
17 31st, is that correct?
18    THE COURT:  Yes.
19    MS. MORGAN:  Standard time?
20    THE COURT:  Is that doable?
21    MS. BARRIOS:  Yes.
22    MS. MORGAN:  Uh-huh.
23    THE COURT:  Or do you want an extra week?
24    MS. KANTER:  Yes, your Honor.
25    MS. MORGAN:  I would ask then if the Government is

7

1  going to use any TEKS evidence, or has any TEKS or jail --
2          THE COURT: Just a minute, before we move to your
3  other thought. I will, because of the timing, I will --
4  I'll let you file your motions in limine on the 28th, and
5  then any response on April 4 so that I give you enough time
6  to do this.
7          MS. MORGAN: Perfect.
8          THE COURT: Then, you wanted to talk about your
9  TEKS?
10         MS. MORGAN: Just if there's any TEKS evidence, or
11 anything like that, that they be produced to the -- produced
12 from the Government to us, pursuant to Rule 16, in enough
13 time for us to adequately address them in our motions in
14 limine.
15         THE COURT: TEKS -- I don't think TEKS is
16 required, but if the -- if they don't produce it, and they
17 want to use TEKS in rebuttal, then there's an issue under
18 some of the case law.
19         So the Government can decide whether it's better
20 to just give it over or then face an issue if they want to
21 impeach later on.
22         MS. KANTER: I understand. Thank you, your Honor.
23         THE COURT: Okay.
24         MS. MORGAN: Thank you, your Honor.
25         THE COURT: And then, on leave to file further

*Echo Reporting, Inc.*

8

1 motions, I've got a scheduling date, and if there's any
2 other motions you can use those dates.
3          MS. MORGAN:  Perfect.
4          THE COURT:  All right.  The time of the motions in
5 limine will be 9:00 a.m. on the 7th, and the trial 9:00 a.m.
6 on the 8th, and that means that you need to get your parole
7 letters right away.
8          MS. MORGAN:  We'll do that this week.
9          THE COURT:  If there's any 17(b) 17(c), make sure
10 I get it and I'll get it back to you right away.
11          MS. MORGAN:  Okay, thank you, your Honor.
12          THE COURT:  Thank you.
13          MS. KANTER:  Thank you, your Honor.
14     (Proceedings recessed.)

*Echo Reporting, Inc.*

9

1      I certify that the foregoing is a correct
2 transcript from the electronic sound recording of the
3 proceedings in the above-entitled matter.
4
5 _Tara Bauer_____          _4-8-08_____
  Transcriber                        Date
6
  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
7
8 _____
  L.L. Francisco, President
9 Echo Reporting, Inc.