KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
CHRISTINA M. MCCALL
Assistant U.S. Attorney
California State Bar No. 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747
rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>ESMERALDA SALAZAR-SANDOVAL,<br>Defendant. | Criminal Case No. 08CR0285-H<br><br>**GOVERNMENT'S TRIAL MEMORANDUM**<br><br>Date: July 9, 2008<br>Time: 9:00 a.m.<br>Courtroom: 13<br><br>The Honorable Marilyn L. Huff |

The UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, Rebecca S. Kanter and Christina McCall, Assistant U.S. Attorneys, files its trial memorandum.

**I.**

**STATEMENT OF THE CASE**

**A. INDICTMENT**

On February 5, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Esmeralda Salazar-Sandoval ("Defendant") with (i) importing approximately 46.34 kilograms (101.94 pounds) of marijuana into the United States in violation of Title 21, United States Code, §§ 952 and 960; and (ii) possessing that marijuana with the intent to distribute it, in violation of Title 21, United States Code, § 841(a)(1). Defendant was arraigned on the Indictment on February 5, 2008, and pleaded not guilty.

**B.     TRIAL STATUS**

A jury trial is scheduled for Wednesday, July 9, 2008, at 9:00 a.m. before the Honorable Marilyn L. Huff. The United States expects its case-in-chief to last approximately one day.

**C.     DEFENSE COUNSEL**

Leila Morgan, Esq., and Reuben Cahn, Esq., of Federal Defenders of San Diego, Inc., are appointed counsel.

**D.     DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.     INTERPRETER**

None of the United States' witnesses requires the assistance of an interpreter.

**F.     JURY WAIVER**

Defendant has not filed a jury waiver.

**G.     PRE-TRIAL MOTIONS**

On March 10, 2008, Defendant filed motions to (1) compel discovery, (2) preserve evidence and re-weigh the narcotics; and (3) file further motions. The Government filed a response in opposition on March 11, 2008. At the pre-trial motions hearing on March 17, 2008, the Court granted Defendant's motions, including ordering the Government to preserve and re-weigh the drugs. The Court set the trial for April 8, 2008, and set an *in limine* motions hearing for April 7, 2008. The Court ordered motions *in limine* to be filed by March 28, 2008.

On March 28, 2008, the United States filed motions *in limine* to: (1) exclude all witnesses except the case agent; (2) admit demeanor evidence; (3) admit expert testimony by the United States; (4) preclude expert testimony by defense; (5) admit the vehicle registration; (6) admit narcotics evidence without chain of custody being established, (7) prohibit reference to health, age, education, and potential punishment; (8) preclude evidence of prior good acts; (9) exclude self-serving hearsay, and renewed its request for reciprocal discovery.

The same day, Defendant filed motions *in limine* to: (1) exclude expert testimony on the street value of marijuana; (2) exclude expert testimony about the structure of drug organizations, (3) exclude evidence of alleged "nervousness;" (4) exclude bags of marijuana from the courtroom; (5) prevent a

copy of the indictment from being submitted during deliberations, (6) exclude any 404(b) or 609 evidence; (7) exclude evidence of "mug shot" photos; (8) exclude poverty evidence; (9) prohibit vouching by the prosecution; (10) allow attorney-conducted voir dire; (11) order the production of TECs evidence.

In addition, on March 28, 2008, Defendant filed a motion requesting the Court to authorize foreign depositions. The parties responded to each other's motions on April 4, 2008. The motions *in limine* were heard by this Court on April 7, 2008. At that hearing, this Court denied Defendant's motions to: exclude testimony regarding the street value of marijuana, exclude expert testimony regarding the distributable amount of marijuana, exclude evidence of nervousness, exclude poverty evidence. This Court found Defendant's motions to exclude bags of marijuana from the courtroom and exclude evidence of mug shots to be moot. The Court granted Defendant's motion to prohibit a copy of the indictment from being submitted during deliberations and granted in part and denied in part Defendant's motion to produce TECS evidence.

The Court granted the United States's motions to: exclude witnesses except the case agent, preclude evidence referencing potential punishment, admit vehicle registration document, admit testimony of the Government's expert as to the distributable amount of narcotics. The Court denied without prejudice the United States's motions to preclude hearsay and denied the motion to exclude evidence of prior good acts. The Court found the following motions moot: motion to exclude defense expert and motion to allow marijuana evidence without establishing chain of custody.

At the same hearing on April 7, 2008, the Court granted Defendant leave to re-file the motion for foreign depositions and allowed the parties to file supplemental briefs. On April 28, 2008, Defendant filed a Motion for an Order Allowing the Deposition of Delores Sandoval-Perales or, in the alternative, to Admit in Evidence the Videotaped Testimony. The United States filed an opposition to both motions on May 2, 2008. On May 12, 2008, this Court denied Defendant's motions to conduct a foreign deposition and denied the motion to admit the video-taped statement. The Court granted Defendant's motion to take the deposition of Delores Sandoval-Perales at the Calexico Port of Entry. Motions *in limine* are set for July 7, 2008. To date, neither party has filed supplemental Motions *in limine*.

//

//

**H. STIPULATIONS**

The parties have agreed to stipulate that the substance found in Defendant's vehicle tested positive for marijuana.

**I. DISCOVERY**

The United States has complied and will continue to comply with its discovery obligations. Defendant has produced some reciprocal discovery, including the weather report from January 21, 2008 and photographs of Defendant's mother's medications.

## II.

## STATEMENT OF FACTS

**A. INSPECTION AND ARREST**

On January 21, 2008, at approximately 1:39 p.m., Esmeralda Salazar-Sandoval ("Defendant") drove a 1989 Chevrolet Blazer to the Calexico West Port of Entry. Defendant applied for entry into the United States and told Customs and Border Protection Officer Weir that she had nothing to declare. Defendant said she was going to Wal-Mart. She stated she had owned the vehicle for over a year and a half. She also stated that she and her husband worked at an auto repair shop. CBP Officer Weir noticed that the vehicle appeared to be too clean and referred her to the secondary inspection lot.

In the vehicle secondary lot, a narcotics detection dog alerted to the passenger side quarter panel. Defendant told CBP Officer Galaviz that she was the owner of the vehicle and was driving to the Wal-Mart in Calexico. CBP Officer Galaviz inspected the vehicle and found a total of 46 packages of marijuana contained in the quarter panels, spare tire, tailgate, and both the driver and passenger side doors. Newspaper was found in the compartments underneath and around the packages of marijuana. The total weight of the marijuana was 46.34 kilograms (101.94 pounds).

Agents also found a Mexican registration document for the Blazer in the name of Esmeralda Salazar-Sandoval showing a registration date of August 8, 2007.

**B. CHEMICAL EVALUATION OF THE DRUGS SEIZED**

A forensic chemist employed by the Drug Enforcement Administration and assigned to the

Southwest Regional Laboratory in this district conducted a series of evaluations on the seized drugs and concluded that the substance tested positive for marijuana.

C. **DEPOSITION OF DELORES SANDOVAL-PERALES**

On May 23, 2008, the parties conducted a deposition of Delores Maria Sandoval-Perales, Defendant's mother at the Calexico West Port of Entry. Sandoval-Perales testified that her daughter's truck had been experiencing mechanical difficulties the week before she was arrested. Over the objection of the United States, Sandoval-Perales testified as to various things that her daughter told her, including (1) that a friend told her to take her car to an autobody shop; (2) that she came home in a cab after dropping her truck off at the shop; (3) that the day of her arrest she was going to pick up her truck. She testified that her daughter obtained her visa from Sandoval-Perales, who usually holds her daughter's visa for her. She also testified about going with Salazar-Sandoval's husband, Reynaldo, to pick up her daughter's personal belongings at the Port of Entry after her daughter was arrested.

**III.**

**WITNESSES**

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses:

1. Elizabeth Weir, Customs and Border Protection Officer
2. Steve Barela, Canine Enforcement Officer
3. Robert Galaviz, Customs and Border Protection Officer
4. Antonio Zenteno, Special Agent, Immigration and Customs Enforcement
5. Rafael Silva, Special Agent, Immigration and Customs Enforcement
6. Enrique Torregrosa, Special Agent, Immigration and Customs Enforcement
7. Luz Carrera, Seized Property Specialist
8. Hugo Leon, Special Agent, Immigration and Customs Enforcement

Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(G), on March 21, 2008, the Government gave Defendant notice of its intention to call an expert in narcotics trafficking, the value of illicit narcotics, and distributable quantities of marijuana.

//

//

//

## IV.

## EXHIBITS

The United States will provide a complete exhibit list prior to trial. The United States requests that Defendant examine United States' exhibits before trial to expedite proceedings. The United States further requests an opportunity to examine Defendant's exhibits before trial. The United States intends to offer into evidence the following:

1. Photographs of Vehicle
2. Photograph of Marijuana
3. Vehicle Diagram (demonstrative purposes only)
4. Certified California DMV Release of Liability
5. Vehicle Registration
6. Custody Receipt for Retained Property
7. Valuation Chart (demonstrative purposes only)
8. Authorization to Release Personal Property

V.

**LEGAL ISSUES**

**A. EVIDENTIARY ISSUES**

Most of the evidentiary issues anticipated by the Government have been addressed in its motions *in limine*. In addition, the United States anticipates that Defendant will seek to admit the deposition transcript of Delores Sandoval-Perales. Sandoval-Perales's testimony includes hearsay statements of her daughter. For example, Sandoval-Perales testified in her deposition that her daughter (Defendant) **told** Sandoval-Perales (1) that a friend told her to take her car to an autobody shop; (2) that she came home in a cab after dropping her truck off at the shop; (3) that the day of her arrest she was going to pick up her truck, etc. Sandoval-Perales's statements as to what her daughter said are inadmissible hearsay if offered by Defendant herself and should be excluded. Fed. R. Evid. 801 and 802.

**B. ELEMENTS OF THE CHARGED OFFENSES**

**1. 21 U.S.C. §§ 952 & 960, Importation of a Controlled Substance**

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly brought marijuana into the United States; and

2) Defendant knew that it was marijuana or some other prohibited drug.

9th Cir. Crim. Jury Instr. 9.27 (2003).

**2. 21 U.S.C. § 841(a)(1), Possession of a Controlled Substance with Intent to Distribute**

The United States must prove beyond a reasonable doubt that:

1) Defendant knowingly possessed marijuana or some other prohibited drug; and

2) Defendant possessed it with the intent to deliver it to another person.

9th Cir. Crim. Jury Instr. 9.13 (2000). It does not matter whether Defendant knew that the substance was marijuana. It is sufficient that a defendant knew that it was some kind of prohibited drug. Id.

With regard to possession, the Government also notes that possession may be actual or constructive, and it may be proved by direct or circumstantial evidence. See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112-1113 (9th Cir. 2000). Moreover, a defendant's mere possession of a substantial quantity of a controlled substance may show that the defendant knowingly possessed the substance. See United States v. Diaz Cardenas, 351 F.3d 404, 407 (9th Cir. 2003)(holding that jury

could infer knowledge when an individual is the driver and sole occupant of a vehicle containing 9.48 pounds of methamphetamine (4.31 kilograms) and 17.65 pounds of cocaine (8.02 kilograms) concealed in the air bag of the vehicle); United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir. 1989) (finding 2.5 kilograms of cocaine sufficient to show knowledge and intent to distribute and noting that a secret compartment within a vehicle used to conceal illegal substances can raise an inference concerning knowledge of the substance).

With regard to distribution/delivery, the United States may prove the "intent to deliver" element based on the following: a large quantity of contraband (United States v. Diaz Cardenas, 351 F.3d at 407); the manner in which the controlled substance was packaged (United States v. Glenn, 667 F.2d 1269,

1292 (9th Cir. 1982)); and the street value of the narcotics (United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir. 1994)).

//

//

## VI.

## VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2. The Government will be calling witnesses employed by the Department of Homeland Security, Customs and Border Protection and Immigration and Customs Enforcement. Does anyone have family members or close friends who work, or have worked, for these agencies? Would that prevent you from being fair and impartial?

3. Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

4. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5. Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

6. Has anyone had any training in the law? If so, please explain.

7. Will you be able to put aside any feeling of sympathy or pity for the defendant when deciding the facts of this case?

8. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9. You understand that the parties have asked for a trial because they disagree on what the facts are and they want you to make a decision. Does anybody have any moral or religious reservations that might prevent them from standing in judgment of other human beings?

10. The defendant in this case is charged with importation of a controlled substance. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent them from viewing the evidence impartially?

11. The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

//
//
//
//
//

## VII.

## JURY INSTRUCTIONS

Proposed jury instructions will be filed under separate cover. The United States reserves the right to submit additional instructions at the Rule 30 conference.

DATED: June 26, 2008.

                                       Respectfully Submitted,

                                       KAREN P. HEWITT
                                       United States Attorney

                                       s/ Rebecca Kanter
                                       REBECCA S. KANTER
                                       Assistant U.S. Attorney
                                       Attorneys for Plaintiff
                                       United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESMERALDA SALAZAR-SANDOVAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08CR0285-H<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Trial Memorandum to be served on the following by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Leila Morgan, Esq.
2. Reuben Cahn, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.

s/ Rebecca Kanter
REBECCA S. KANTER