1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S. KANTER
   Assistant U.S. Attorney
3  California State Bar No.  230257
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-6747

6  Attorneys for Plaintiff
   United States of America

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          )  Criminal Case No.  08cr0285-H
                                      )
11            Plaintiff,              )  **UNITED STATES' PROPOSED JURY**
                                      )  **INSTRUCTIONS WITH AUTHORITY**
12            v.                      )
                                      )  DATE:              June 11, 2008
13 ESMERALDA SALAZAR-SANDOVAL,        )  TIME:              9:00 a.m.
                                      )  COURTROOM:         13
14            Defendant.             )
                                      )  The Honorable Marilyn L. Huff
15 _____ )

16

17         COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel,

18 KAREN P. HEWITT, United States Attorney, and Rebecca S. Kanter, Assistant United States Attorney,

19 and hereby files its proposed jury instructions, with authority.

20

21         DATE:       June 26, 2008.

22                                        Respectfully submitted,

23                                        KAREN P. HEWITT
                                          United States Attorney
24

25                                        s/ *Rebecca Kanter*
                                          REBECCA S.  KANTER
26                                        Assistant U.S. Attorney

27

28

COURT JURY INSTRUCTION NO.

## DUTY OF JURY

Ladies and gentlemen:  You are now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.1 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ___

## THE CHARGE - PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.

The Government charges the defendant with importation of Marijuana and possession of Marijuana with intent to distribute. The charges against the defendant are contained in the Indictment. The Indictment is simply the description of the charge made by the Government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

A.    In order for the defendant to be found guilty of importation of Marijuana, the Government must prove that the defendant knowingly brought Marijuana into the United States.

B.    In order for the defendant to be found guilty of possession of Marijuana with intent to distribute, the Government must prove that the defendant knowingly possessed Marijuana, and that the defendant possessed the Marijuana with the intent to deliver it to another person.

For the importation and possession charges it does not matter whether the defendant knew that the substance was Marijuana; it is sufficient that the defendant knew that it was some kind of a prohibited drug. These instructions are preliminary; the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.2 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which are to be received into evidence; and

(3)    any facts to which all the lawyers stipulate.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.3 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. 

WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.4 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _

EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.5 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ___

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.6 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ___

RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.7 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ___

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.8 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet, or using reference materials, and do not make any investigation about the case on your own;

investigation about the case on your own;

Fourth, if you need to communicate with me, simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.9 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ⎵

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.10 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether you take notes or not, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.11 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 1.12 [2003 Edition - West Publishing Co.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT JURY INSTRUCTION NO. ⎽

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.1 [2003 Edition - West Publishing Co.]

1

COURT JURY INSTRUCTION NO. _

2

3

CHARGE AGAINST DEFENDANT NOT EVIDENCE -
PRESUMPTION OF INNOCENCE -  BURDEN OF PROOF

4

5

     The Indictment is not evidence.  The defendant has pleaded not guilty to

6

the charge.  The defendant is presumed to be innocent and does not have to

7

testify or present any evidence to prove innocence.  The Government has the

8

burden of proving every element of the charge beyond a reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury
Instructions for the Ninth Circuit, § 3.2 [2003 Edition - West Publishing Co.]

27

28

COURT JURY INSTRUCTION NO. _

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.3 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.4 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _


REASONABLE DOUBT - DEFINED


Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.5 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.6 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ___


WHAT IS NOT EVIDENCE


In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.7 [2003 Edition - West Publishing Co.]

08cr0285-H

1

2

COURT JURY INSTRUCTION NO. __

3

DIRECT AND CIRCUMSTANTIAL EVIDENCE

4

5    Evidence may be direct or circumstantial.  Direct evidence is direct proof

6  of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect

7  evidence, that is, proof of a chain of facts from which you could find that

8  another fact exists, even though it has not been proved directly.  You are to

9  consider both kinds of evidence.  The law permits you to give equal weight to

10  both, but it is for you to decide how much weight to give to any evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury
Instructions for the Ninth Circuit, § 3.8 [2003 Edition - West Publishing Co.]

28

COURT JURY INSTRUCTION NO. _

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.9 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _

ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.11 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS - SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.12 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

# POSSESSION - DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.18 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.1 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## OPINION EVIDENCE - EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.17 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

CONTROLLED SUBSTANCE - UNLAWFUL IMPORTATION

The defendant is charged in Count One of the Indictment with unlawful importation of Marijuana in violation of Sections 952 and 960 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought Marijuana into the United States; and

Second, the defendant knew that it was Marijuana or some other prohibited drug.

It does not matter whether the defendant knew that the substance was Marijuana.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 modified [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _

CONTROLLED SUBSTANCE - POSSESSION
WITH INTENT TO DISTRIBUTE

The defendant is charged in Count Two of the Indictment with possession of Marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed Marijuana; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was Marijuana.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.13 [2003 Edition - West Publishing Co.] [modified]

COURT JURY INSTRUCTION NO.

## KNOWINGLY - DEFINED

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 5.6 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that:

1.    The defendant was aware of a high probability that drugs were present in the vehicle that he was driving; and

2.    The defendant deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that no drugs were present in the defendant's vehicle, or if you find that the defendant was simply careless.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 5.7; *see* United States v. Heredia, 483 F.3d 913 (9th Cir. 2007) (en banc), *cert. denied*, 2007 WL 2292690 (December 10, 2007); United States v. Jewell, 532 F.2d 697 (9th Cir. 1976) (en banc), *cert. denied*, 426 U.S. 951 (1976).

COURT JURY INSTRUCTION NO. ___

## DETERMINATION OF THE NET WEIGHT OF MARIJUANA

If you find the defendant guilty of the charge in Counts 1 or 2 of the indictment, you are then to determine the net weight of marijuana. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the marijuana without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of marijuana.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.13A [2003 Edition - West Publishing Co.] (modified)

31                        08cr0285-H

COURT JURY INSTRUCTION NO. ___

"ON OR ABOUT" – EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 231, § 13.05 (5th ed. 2000)

COURT JURY INSTRUCTION NO. _

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.1 [2003 Edition - West Publishing Co.]

1

2

3

COURT JURY INSTRUCTION NO.

CONSIDERATION OF EVIDENCE

4       Your verdict must be based solely on the evidence and on the law as I

5   have given it to you in these instructions.  However, nothing that I have said or

6   done is intended to suggest what your verdict should be–that is entirely for you

7   to decide.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.2 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. 

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.3 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. ⎵

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.4 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO.

## VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.5 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. __

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.6 [2003 Edition - West Publishing Co.]

COURT JURY INSTRUCTION NO. _

DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be use dat the trial.

The deposition of Delores Sandoval-Perales was taken on May 23, 2008. You should consider deposition testimony, presented to you in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Ninth Circuit Model Civil Jury Instructions, § 2.4, comment ("This instruction should be used only when testimony by deposition is used in lieu of live testimony. The committee recommends that it be given immediately before a deposition is to be read...")

1

COURT JURY INSTRUCTION NO. _

2

**UNITED STATES DISTRICT COURT**

3

**SOUTHERN DISTRICT OF CALIFORNIA**

4

UNITED STATES OF AMERICA,           )           Case No. 08cr00285-H
                                     )
5
                    Plaintiff,       )
                                     )
6
            v.                       )           CERTIFICATE OF SERVICE
                                     )
7
                                     )
ESMERALDA SALAZAR-SANDOVAL,          )
8                                    )
                    Defendant.       )
9  ─────────────────────────────────)

10

IT IS HEREBY CERTIFIED THAT:

11

I, Rebecca S.  Kanter, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

13

I am not a party to the above-entitled action.  I have caused service of**:**

14

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS WITH  AUTHORITY

15

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

16

17

**Leila Morgan**
**Reuben Cahn**
**Federal Defenders of San Diego, Inc.**

18

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

19

20

**1.     None**

21

the last known address, at which place there is delivery service of mail from the United States Postal Service.

22

23

I declare under penalty of perjury that the foregoing is true and correct.

24

Executed on June 26, 2008.

25

26

S/ _Rebecca  Kanter_____
REBECCA S.  KANTER

27

28